COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* PETER SIMS, Defendant.

Supreme Court, Special Term, Albany County, November 8, 1946.

*Bernard Katzen, General Attorney* for State Insurance Fund (*Harry Schechter* of counsel), for plaintiffs.

*John P. McNamee* for defendant.

ELSWORTH, J. This is a motion by the plaintiffs for summary judgment.

On October 8, 1945, the defendant, a laborer, employed by the City of Troy was injured in the course of his employment while riding in one of the city's trucks which was in collision with another truck owned by one Stirgess. At the time, the City of Troy carried its workmen's compensation insurance with the State Insurance Fund. The defendant filed claim for compensation benefits, but reserved unto himself the right to pursue his remedy of making claim against the third party Stirgess under subdivision 1 of section 29 of the Workmen's Compensation Law. After hearings had by the Workmen's Compensation Board, and pursuant to an award made, the State Insurance Fund on behalf of the defendant's employer paid compensation benefits to him in the amount of $346.29. It also made the following payments for the defendant's hospitalization and medical treatment: Samaritan Hospital, Troy, for period October 8, 1945, to October 31, 1945, the sum of $308.75, and for period from November 23, 1945, to December 7, 1945, the further sum of $255.50; to Dr. Elizabeth Palmer, the defendant's attending physician, the sum of $120. On or about January 19, 1946, the defendant settled his claim against Stirgess for $2,000 which amount was paid by the third party's insurance carrier, the Aetna Casualty & Surety Company. Simultaneously therewith, the defendant executed and delivered a general release running to Stirgess. It is for the total amount of the aforesaid items paid by it for compensation benefits, medical treatment and hospitalization, namely, $1,030.54, that the plaintiffs now seek summary judgment against the defendant.

No reasons are advanced by the defendant for denial of plaintiffs' application as to the item of $346.29 paid to and admittedly received by the defendant for compensation benefits. With respect thereto the plaintiffs' right to summary judgment is established beyond question. This, the defendant appears to concede. Thus, the matters remaining for consideration are narrowed down to the items for hospitalization and medical treatment.

The plaintiffs' cause of action is predicated upon subdivision 1 of section 29 of the Workmen's Compensation Law. Where an injured employee pursues his remedy against a third party, the said statute provides that: " In such case, the state insurance fund, if compensation be payable therefrom, * * * shall have a lien on the proceeds of any recovery from such other, whether by judgment, *settlement* or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the *expenses for medical treatment paid* or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund * * *." (Emphasis supplied.)

The provisions of this statute clearly fix the right of a carrier to recover " expenses for medical treatment paid " out of the proceeds of any recovery from " settlement " where an employee has pursued his remedy against a third party. The established facts here presented bring the plaintiffs' application squarely within the precise and unambiguous language of the statute. Accordingly, the plaintiffs appear to be entitled to the relief sought unless for reasons advanced by the defendant which are about to be taken up and discussed. This view is supported by the quite recent decision of the court in *Calhoun* v. *West End Brewing Co.* (269 App. Div. 398). In that case the plaintiff, an injured employee, brought a third party action. The defendant therein raised the question of his right to recover medical expense. In sustaining such right under section 29, construed with subdivision (c) of section 13 of the Workmen's Compensation Law, the court said (p. 400): " If he does succeed, the carrier or employee, as the case may be, is to be reimbursed out of the fund for both compensation payments and *medical expenses already paid* or to be incurred." (Emphasis supplied.)

In opposing this application the defendant contends that as to the items for hospital and medical expenses, he is entitled to have the fairness and reasonableness thereof determined upon the trial. Such issue, however, is raised neither by the answer nor by affidavit upon this motion. Services for these items were rendered personally to the defendant, and he has complete and full knowledge thereof. If there was any sound basis for questioning the same upon either of the grounds raised, it seems reasonable to assume that the facts would have been presented to the court by affidavit. In the absence thereof, the conclusion must be reached that this contention of the defendant is without

merit. Furthermore, in the absence of claim or proof to the contrary, I believe it should be assumed that the fee regulating provisions of section 13 of the Workmen's Compensation Law have been adhered to.

It is also asserted by the defendant that question exists as to whether or not he received notice of plaintiffs' lien under section 29 of the Workmen's Compensation Law and that this presents a triable issue of fact. The documentary proof submitted by the plaintiffs in this connection convinces me beyond any doubt that notice of lien was served as claimed by the plaintiffs and received by the defendant. Regardless of such conclusion, however, nothing in the statute makes mandatory the service of a notice of lien and the lien exists in the absence of notice. The lien attaches under the statute itself and not by reason of a notice given pursuant to the statute.

Defendant's additional contention advanced as foreclosing plaintiffs' right of recovery in this action for hospital and medical expenses, based upon *Zurich G. A. & L. Ins. Co.* v. *Childs Co.* (253 N. Y. 324) is now without force in view of the statutory amendments made since that decision. (See *Calhoun* v. *West End Brewing Co., supra.*)

Plaintiffs' motion for an order striking out the answer of the defendant and for summary judgment in their favor in the sum of $1,034.54 with interest thereon from March 27, 1946, is granted, with costs of the action to date. No costs of the motion allowed.

Submit order.