Matthew M. Levy, J.
The defendants moved for change of venue. The plaintiffs cross-moved to retain the venue and for summary judgment striking the answer.
It appears that, on July 10, 1956, the defendant Stevens, an employee of the State Department of Public Works, sustained injuries while in the course of his employment, through the negligence of a third party, Denver Chicago Trucking Co. Stevens made a claim for and was awarded workmen’s compensation benefits against the State Insurance Fund, the plaintiffs herein, as the carrier for the employer, to the extent of $1,119.31, being $691.20 for pay compensation and $428.11 for medical treatment. On August 7, 1956, a notice of lien was served by the plaintiffs on the defendant Stevens and on September 24, 1957, a notice of lien was also served on the defendant Delany, who had been retained by defendant Stevens to prosecute a plenary action against the third party. Later, some time prior to December, 1958, this third-party action was settled by the defendants for $5,000, whereupon the instant lawsuit was instituted, pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law, to recover the sum of $1,119.31 allegedly due on the lien. The basis for the suit is that the defendants settled the action without the written consent of the plaintiffs, as required by section 29 (subd. [5].) There is no claim that there was such written consent, but the defendants assert in their defense that the plaintiffs waived and are estopped from asserting their rights by orally assenting to the settlement. The plaintiffs deny such assent, waiver and estoppel.
It is not necessary for me in this case to decide whether there can be, under the law, such oral assent or such waiver or estoppel of the statutory requirement of a writing, as would be recognized as valid by the court in a plenary suit, as distinguished from enforcement thereof before the Workmen’s Compensation Board (see Matter of Feiertag v. Postal Tel. Co. [State Ind. Bd.], 256 App. Div. 866; Matter of De Moranville v. Albany Seed Co. [State Ind. Bd.], 268 App. Div. 945, 946; Matter of Saponara v. Jill Bros. [Workmen’s Compensation Bd.], 270 App. Div. 869, motion for leave to appeal denied 270 App. Div. 961). For the answering affidavit submitted by the attorney for the defendants, who is not a party to this action and who *801 was not the attorney who settled the third-party action, is wholly insufficient to defeat plaintiffs’ motion for summary judgment. He asserts merely that the plaintiffs have waived their right to the lien of $1,119.31, claiming that, on March 30, 1959, at the time of the closing of the workmen’s compensation case (long after the settlement of the third-party action), he was assured by an unnamed representative of the plaintiffs at their New York office, that no demand or request for reimbursement would be made by the plaintiffs, and that, upon the basis of this alleged assurance, the defendants did not oppose the closing of the case before the board.
No waiver or estoppel has been shown. The alleged acquiescence by the defendants to the closing of the case in workmen’s compensation, months after the third-party action had been settled, does not indicate an oral consent by the plaintiffs to the settlement, nor does it provide an adequate consideration for any alleged agreement by them to waive the lien, nor does it constitute an estoppel of plaintiffs as to their claim under the lien.
By decision dated April 3, 1959, the case was marked “closed” by the Workmen’s Compensation Board, on the ground that “ 3rd party action [was] settled [by the defendant Stevens, the claimant] without the consent of the carrier [the plaintiffs] ”. It may be that, upon proper proof, the defense interposed in this action may provide a basis for reopening the case before the board so as to enable the injured claimant to receive deficiency compensation under subdivision 5 of section 29 of the Workmen’s Compensation Law (cf. Beekman v. Brodie [State Ind. Bd.], 249 N. Y. 175), but it cannot raise a triable issue with respect to the instant cause, predicated, as it is, upon subdivision 1 of section 29 of the Law. A reading of both subdivisions indicates that these provisions are wholly unrelated and serve different purposes.
Subdivision 1 of section 29 was designed to create a fund in which injured employees have a residuary interest and first claim after attorneys’ fees in the third-party actions have been deducted (Calhoun v. West End Brewing Co., 269 App. Div. 398). The lien of the carrier for the amount paid in compensation and for medical treatment attaches to the balance, and payment thereof is mandated by law (Gray v. Jeremiah Burns, Inc., 6 A D 2d 955, affd. 5 N Y 2d 975; Ocean S. S. Co. v. Lumbermen’s Mut. Cas. Co., 125 F. 2d 925).
Subdivision 5 of section 29 serves an entirely different purpose and is intended to protect for the injured employee possible *802 future rights to compensation, after a settlement by him of a third-party action, by providing deficiency compensation in the event the amount of recovery in the third-party action is less than the compensation provided or estimated by article 2 of the Workmen’s Compensation Law (§ 29, subd. 4; Commissioners of State Ins. Fund v. Consolidated Edison Co., 2 Misc 2d 410).
In his reply affidavit, sworn to October 5, 1959, submitted in opposition to the plaintiffs’ motion for summary judgment, the defendants’ counsel states (among other things) that “ I have made an application to the Workmen’s Compensation Board to reopen the case, restore it to the calendar and for deficiency compensation for the defendant Stevens. I submit that the favorable action of the Compensation Board on this application will negative the cause of action herein.” Upon inquiry being made by me of the defendants ’ counsel as to the disposition by the board of the application referred to, I was informed by him (by letter dated Feb. 18, 1960) that the application for a reopening of the case was not completed. In the circumstances, the request by the plaintiffs for a disposition of the motions before me is in order. Ordinarily, a settlement or compromise of a third-party action without the written approval of the plaintiffs would preclude payment of deficiency compensation (Workmen’s Compensation Law, § 29, subd. 5). As to this aspect of the defendants’ plea, the papers submitted indicate that the case was marked closed by the Workmen’s Compensation Board. This determination is final unless set aside in a proper manner (cf. Drier v. Randforce Amusement Corp., 14 Misc 2d 362). Whether or not the board will, upon a proper application being made to it, reopen the case and award any deficiency compensation (pursuant to § 29, subds. 4, 5), I cannot further postpone the right of the plaintiffs to be paid their lien, predicated on subdivision 1 of section 29 of the law.
No proof having been submitted whatsoever to substantiate in any respect the defense as pleaded in the answer — that the plaintiffs, through an authorized agent or representative, orally assented to the settlement at the time it was made, or waived or are estopped from asserting their rights by acquiescing in it thereafter — the plaintiffs’ application for summary judgment must therefore be granted. In view of this disposition, it is unnecessary to consider the defendants’ motion to change the place of trial or that portion of the plaintiffs’ cross motion to retain the venue.