Nathaniel Sorkin, J.
This motion for summary judgment in favor of the plaintiff is granted.
Plaintiff seeks judgment, against the attorney for an injured employee who recovered from a third party, on its lien for benefits paid pursuant to section 227 of the Workmen’s Compensation Law.
*836 Defendant admits receiving notice of plaintiff’s lien and states that it was inadvertently overlooked when he distributed the recovery proceeds. He raises no issue of fact, but contends in a cross motion for summary judgment that the lien is not enforcible against an employee’s attorney.
Neither briefs submitted, nor independent research by the court, have produced authorities directly in point. This seems to be a case of first impression.
After a.lien has attached, a liberal construction should be put upon the (lien) statute for the purpose of fulfilling its objects. (Friedman v. Stein, 4 N. J. 34; Sullens & Hoss v. Farvour, 117 F. Supp. 535.)
The Workmen’s Compensation Law was framed to provide an injured employee with a substitute for wages lost during his disability. The intent of section 227 was that benefits received thereunder be repaid upon a sufficient recovery from the third person who caused the disabling injury. To secure such repayment the Legislature created a lien on the recovery. As soon as recovery came into being, the lien attached and became enforcible. In addition to the lien being enforcible against the injured employee who received the proceeds of the recovery (Commissioners of State Ins. Fund v. Sims, 187 Misc. 815), it is enforcible against his attorney who with notice of the lien disbursed the proceeds of the recovery.
The same conclusion appears to be implicit in Commissioners of State Ins. Fund v. Stevens (25 Misc 2d 799), where the court finding no waiver of the lien created by section 29 granted plaintiff’s motion for summary judgment against the injured employee and his attorney.