Saul S. Streit, J.
This is a motion and cross motion for summary judgment.
The action is to recover the balance of payment allegedly due under a lien created by section 227 of the Workmen’s Compensation Law and which lien attached to any sum received by the injured party in an independent action for the injuries received.
The defendant, McCarthy, received specific disability benefits from the plaintiff from April 30, 1959 through November 9, 1959 under a disability coverage of her employer pursuant to section 211 of the Workmen’s Compensation Law. The disability was allegedly caused by an automobile accident in which her employer was not implicated.
An action was commenced by the injured party against the wrongdoers. During the pendency of the action, the defendant herein received checks covering various amounts.
Notice of lien was allegedly given to the defendant herein as well as to her attorney in the action for negligence. The attorney admits receipt of said notice but the defendant denies the receipt thereof. No amount of lien was stated in such notice. No amount could have been inserted because intermittent payments were being made.
Thereafter, the action against one of the wrongdoers was settled without the consent of the plaintiff herein.
The attorney for McCarthy sent a check for the sum of $225, together with an accompanying letter dated December 21, 1961 to the plaintiff. This letter stated: ‘1 Pursuant to the notice of lien of the State Insurance Fund, and the claim of the Commercial Union Casualty Company, we forward herewith our special account check, drawn to the order of the State Insurance Fund and Geraldine McCarthy and endorsed by Geraldine McCarthy *958 to the State Insurance Fund, covering nine disability payments of $25.00 each, made to Miss McCarthy by the settlement of her claim against the Estate of George Laureano. This check is forwarded in full satisfaction of your liens and claims against Miss Geraldine McCarthy.”
The check was cashed on December 28, 1961 and a letter sent to the said attorney, stating that this is not in full satisfaction of the lien for the payments of $22.18 per week for 26 weeks, representing a total of $576.68. The balance of $351.68 was demanded.
There is no issue as to the sum of $576.68 received by defendant McCarthy.
The defendants’ main contention is that there was a bona fide dispute as to the amount of the lien, and that in any event the amount of $225 forwarded and accepted was in full accord and satisfaction.
In Commissioners of State Ins. Fund v. Sims (187 Misc. 815), the court held that section 29 of the Workmen’s Compensation Law (a section analogous to section 227 involved herein), contains no provision that makes mandatory the service of notice of lien, and that the lien exists by virtue of the statute and not by reason of a notice given pursuant to the statute.
In Commissioners of State Ins. Fund v. Stevens (25 Misc 2d 799) the court held that a notice of the lien served upon the attorney for the plaintiff in the plenary action was sufficient to hold the attorney responsible.
It was also held in said case that ‘ ‘ The lien of the carrier for the amount paid in compensation and for medical treatment attaches to the balance, and payment thereof is mandated by law ” (p. 801).
In the Matter of King Metal Prods. v. Workmen’s Compensation Bd. (29 Misc 2d 742) the identical issue, that the forwarding of the check and its acceptance and retention by the board, created an accord and satisfaction releasing petitioner from any further liability on this judgment, was considered.
The court held (p. 743) that “ It is academic, that there can be no accord and satisfaction of a liquidated and undisputed sum by simply making a lesser payment (see Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289 [other cases cited]).”
This case is much stronger since the accompanying letter of December 21, 1961 merely referred to nine disability payments of $25 each. The only dispute that could arise was an overpayment by defendant of $2.82 for each disability payment received.
*959 Hence, the additional statement that this payment is in full satisfaction of your liens would he meaningless.
There was no accord and satisfaction herein and there was a demand made for the additional amount due.
No issue of fact has been created by the defendant, and the plaintiff has clearly shown that there is no defense to the action and that it is entitled to judgment.
Accordingly, the motion for summary judgment for plaintiff is granted. The cross motion is denied.