William S. Shea, J.
This motion for summary judgment is granted. The Clerk is directed to enter judgment in favor of the plaintiff and against all three defendants for the amount demanded in the complaint.
Section 29 of the Workmen's Compensation Law gives plaintiff a lien on the proceeds of the settlement to the extent of the amount paid or to be paid by plaintiff for medical treatment rendered to the defendant Scott. This lien is created by said statute and plaintiff is not required to give any further notice of lien to any of these defendants (Calhoun v. West End Brewing Co., 269 App. Div. 398; Commissioners of State Ins. Fund v. Sims, 187 Misc. 815; Commissioners of State Ins. Fund v. Allstate Ins. Co., 41 Misc 2d 189, affd. 42 Misc 2d 141, mot. for lv. to app. den. N. Y. L. J., Feb. 26, 1964, p. 16, col. 1).
The bill herein was actually paid after the settlement was made, but it makes no difference when the money was actually paid. The statute says money “ paid or to be paid.”
Without claim or proof to the contrary it is assumed that the fee regulating provisions of section 13 of the Workmen’s Compensation Law have been adhered to (Commissioners of State Ins. Fund v. Sims, supra).
There is thus no necessity for an assessment in this case.