Bernard Tomson, J.
In this action, a physician seeks to recover for services rendered as an expert witness at the trial of a negligence action. The defendant, the attorney in that action, interposes an affirmative defense that he, “ an attorney-at-law, acted as an agent for a disclosed principal.”
Prior to the plaintiff’s appearance as an expert, the parties affixed their signatures to a document drawn by the attorney, reading as follows:
To Whom It May Concern:
September 5, 1964
I, Dr. Salvatore Aiello, agree to accept a subpoena and subpoena duces tecum to testify in behalf of the plaintiff Louis Barreiro in the Nassau County Supreme Court Trial of Barreiro v. Gary Auto Lease and Lebowitz. My fee for reimbursed time to me is $150.00 for a % day (4 hr. period) session if I appear before Oct. 1, 1964 and $100. if I appear on or after October 1, 1964 for the same period. The undersigned attorney agrees that said fee shall be a lien upon the proceeds of any award though it shall in no way be contingent upon any recovery.
Salvatore Aiello, M.D.
Leslie I. Levine
A tty for Plaintiffs
In the absence of agreement, a physician, unlike a hospital, does not have a lien on the proceeds of a settlement or recovery in a tort action (Woodley v. National Transp. Co., 208 Misc. 732 [App. Term, 1st Dept.]). (See, also, Glazer v. Department of Hosps., 2 Misc 2d 207; cf. Lien Law, § 189, subd. 1.)
The principle applicable here seems to be somewhat too broadly stated in New York Jurisprudence (vol. 3, Attorney and Client, § 82): “An attorney, like other agents, may be held liable to a third person for money collected by him for his client, if the attorney had notice of the third party’s claim, but paid it over to his client, and the claim is thereafter substantiated, even though the attorney could not have interpleaded his client.” (Citing Sims v. Brown, 6 Thomp. & C. 5, affd. 64 N. Y. 660.)
The principle is perhaps more accurately found in Corpus Juris Secundum (vol. 3, Agency, § 173, subd. b): “In the case of an adverse claim the agent is not bound to pay the amount claimed to his principal unless he is protected against the claim; he must interplead the principal and the claimant if he can, and demand indemnity and deliver the property to the party who indemnifies him; and, if after proper notice of the claim by a third person he turns over the property or funds to his principal, he becomes liable to claimant if the latter has a right thereto, although he will not be liable if he turns over the property to his principal with knowledge of a *1069 third person’s claim but before it has been legally asserted.” (Emphasis supplied.)
This rule has been applied where an attorney had notice of an assignment of a portion of the proceeds prior to the distribution of the funds. (Brinkman v. Moskowitz, 38 Misc 2d 950, 951 [App. Term, 2d Dept.].) “It is undisputed that defendant Moskowitz had notice of the assignment to plaintiff, for medical services rendered, of a portion of the proceeds of his client’s claim for personal injuries. Consequently, in paying out moneys in disregard of such assignment, he is liable to plaintiff for the resulting damage. (Continental Purchasing Co. v. Van Raalte Co., 251 App. Div. 151.) ”
A similar result followed where the attorney had notice of a workmen’s compensation lien. (See State Ins. Fund v. Parrilla, 31 Misc 2d 835, 836.) “In addition to the lien being enforcible against the injured employee who received the proceeds of the recovery (Commissioners of State Ins. Fund v. Sims, 187 Misc. 815), it is enforcible against his attorney who with notice of the lien disbursed the proceeds of the recovery.”
Although something more than a mere notice from an alleged creditor is required before an attorney distributes funds to his client, the agreement here required the defendant to protect himself against the plaintiff’s claim or distribute the funds at his peril. (Cf. Marks v. Kolko, 137 N. Y. S. 2d 63.)
On the merits, the plaintiff established by a fair preponderance of the credible evidence that he rendered services for which there was a balance due.
Judgment must be entered, therefore, to the plaintiff for the relief demanded in the complaint.