Harold H. Hymes, J.
This is a motion for summary judgment brought by the defendants to dismiss the complaint and a cross motion by the plaintiff for summary judgment in its favor.
The plaintiff is the insurance carrier for an emloyer whose employee was injured on a construction job on November 11, 1955. Plaintiff paid medical expenses and compensation for the employee in the amount of $494.56. On November 7, 1958 the injured employee, with the consent of the plaintiff, commenced a third-party action against the contractor and subcontractor on the job where he was injured. The defendants are the insurance carriers for the said contractor and subcontractor.
The plaintiff served notices of statutory lien under section 29 (subd. 1) of the Workmen’s Compensation Law upon the defendant Employers Mutual Liability Insurance Company of Wisconsin and also upon the contractor, the subcontractor and the attorney for the injured employee. No notice of statutory lien was served upon the defendant Transameriea Insurance Company, although there is no question that they knew of the plaintiff’s claim and lien.
*766 The third-party action against Employers Mutual’s insured was settled November 1, 1962, and a settlement in the amount of $1,100 was mailed to the said attorney of the injured employee on August 28,1964. A settlement check in the same amount was mailed to the said attorney by defendant Transamerica Insurance Co. on August 24, 1964. The plaintiff agreed to this total settlement of $2,200.
It appears from correspondence of the plaintiff that the attorney for the employee had advised the plaintiff that its lien would be satisfied. The checks remained uncashed in the possession of his attorney until his death on March 8, 1966. Thereafter, in the fall of 1966, two new checks in the amounts of $1,100 each were issued by the defendants, made payable to the injured employee, or to the employee and the estate of the said attorney. The employee cashed these checks and received the moneys from them in the fall of 1966. On August 24, 1966 the plaintiff wrote to the defendant Employers Mutual Liability Insurance Co. of Wisconsin, reminding them of their lien, but neither of the defendants has made any payment to the plaintiff on its lien. Action was commenced by the plaintiff against the defendant Employers Mutual Liability Insurance Co. by serving of a summons and complaint upon the Superintendent of Insurance on August 30, 1967, and against the defendant Transamerica Insurance Co. by the service of a summons and complaint upon the Superintendent of Insurance on October 10, 1967.
Each of the defendants has set up affirmative defenses and has moved for a summary judgment dismissing the complaint. Defendant Transamerica denies liability because they received no written notice of the aforesaid statutory lien. Both defendants assert that the proper party defendant in this case is the injured employee. Both defendants also assert that the plaintiff is barred by the Statute of Limitations under section 29(1) of the Workmen’s Compensation Law.
A notice of lien need not be served in order to become effective. This is a statutory lien which attaches without the necessity of a notice. (Calhoun v. West End Brewing Co., 269 App. Div. 398; Commissioners of State Ins. Fund v. Allstate Ins. Co., 41 Misc 2d 189, affd. 42 Misc 2d 141; Commissioners of State Ins. Fund v. Sims, 187 Misc. 815.)
It is also established that liability insurance companies in this type of action are proper party defendants. (Jarka Corp. v. Firemen’s Fund Ind. Co., 286 App. Div. 148, mot. for lv. to app. dsmd. 309 N. Y. 1033; Commissioners of State Ins. Fund v. Allstate Ins. Co., supra.) It is true that the third-party *767 claimant would also be a proper party defendant, but he is not a necessary party defendant. (Commissioners of State Ins. Fund v. Schell, 23 A D 2d 556), in the same way that the attorney for the third-party claimant is a proper, but not a necessary, party. (Commissioners of State Ins. Fund v. Parrilla, 31 Misc 2d 835.) Therefore, the present parties in this action could have joined the injured employee and his attorney as party defendants or could have cross-claimed against them. Since this was not done, only the plaintiff compensation carrier and the defendant liability insurance companies are involved in this action.
The defense of the Statute of Limitations, however, raises a serious bar to the plaintiff’s cause of action. CPLB. 214 (subd. 2) requires that an action be commenced within three years if it is one ‘ ‘ to recover upon a liability, penalty or forfeiture created or imposed by statute ”. It has been held that the cause of action created by subdivision 5 of section 29 of the Workmen’s Compensation Law is an action to recover a penalty and that, therefore, the three-year limitation applies. (Commissioners of State Ins. Fund v. Empire Trust Co., 184 Misc. 947.) Although this action, which was brought under subdivision (1) of section 29 of the Workmen’s Compensation Law, is not one to recover a penalty, it is nevertheless an action to recover upon a liability created by statute and, therefore, the three-year limit applies to this action as well. (Employers’ Liab. Assur. Corp. v. Shell Transp. Corp., 263 App. Div. 681.)
The affidavits submitted in support of motions for summary judgment show that the third-party claim was settled no later than August 24, 1964. This we deduce from the fact that the letter which accompanied the check from defendant Employers Mutual Liability Insurance Company was dated August 24, 1964 and, of course, the settlement must have occurred either on that date or at some time prior thereto.
Subdivision 1 of section 29 of the Workmen’s Compensation Law provides that the compensation carrier shall have a lien, to the extent of the compensation awarded, upon the ‘1 proceeds ” of any judgment, settlement or other recovery against a third party. Since this action was commenced against the defendants by the services of summons upon the Superintendent of Insurance on August 29,1967, and October 1,1967, it is essential to determine when the plaintiff’s lien attached and the plaintiff’s cause of action under subdivision 1 of section 29 accrued.
It is the plaintiff’s contention that the Statute of Limitations was tolled because of two reasons: first, that the checks *768 which were mailed to the third-party claimant’s attorney on August 24, 1964, were never indorsed, cashed or submitted for payment and, therefore, there were no “ proceeds ” to which the aforesaid lien could attach; and secondly, that when the defendants in the fall of 1966 substituted two redated checks for the original checks of August, 1964, a new period had commenced for the Statute of Limitations to run.
The plaintiff assumes that ‘ ‘ proceeds ’ ’ is equivalent to ‘ ‘ cash ” or “ money ”. This is not so. In Geyer v. Bookwalter (193 F. Supp. 57, 62) the court said, “ ‘ Proceeds ’ is a word of equivocal import and of great generality. Its meaning in each instance depends very much upon the connection in which it is used and the subject matter to which it is applied. ‘ Proceeds are not necessarily money. ’ Phelps v. Harris, 1879, 101 U. S. 307, 380”.
There are many instances of this wide meaning of the word “proceeds”. The “proceeds and avails” of an insurance policy have been held to include the ‘ ‘ loan values ’ ’ of the policy. (Manufacturers Trust Co. v. Bravin, 177 Misc. 83.) In the case of James Talcott, Inc. v. Collier (357 F. 2d 23, 26 [5th Ct.]) it was held that a promissory note given in settlement of a debt and refused by the creditor in full satisfaction, nevertheless constituted ‘ ‘ proceeds ” in a bankruptcy proceeding. In Baumgold Bros. v. Schwarzschild Bros. (276 App. Div. 158) the court sustained a Sheriff’s levy on the “ proceeds ” of an insurance policy, even though the insured had not yet filed a proof of loss with the insurer.
The running of the Statute of Limitations, therefore, did not begin when the checks were cashed. If the attachment of the plaintiff’s lien depended upon the handing over of cash to the claimant, then why are the liability insurance companies sued as proper parties in this action?
Although the third-party claim was originally an action in tort, it became a liquidated claim in contract when it was settled. (Schweber v. Berger, 27 A D 2d 840; McManus v. New York Tel. Co., 14 Misc 2d 22.)
The funds which constituted this liquidated claim were kept in the hands of the defendant companies. It was these funds to which the plaintiff’s lien attached the moment the third-party action was settled.
In a case involving an attorney’s lien, in Fischer-Hansen v. Brooklyn Hgts. R. R. Co., (173 N. Y. 492, 502) the court says that the lien ‘ ‘ attaches to the amount agreed upon in settlement the instant that the agreement is made, and if the defendant pays over to the client without providing for the lien of the *769 attorney, he violates the rights of the latter and must stand the consequences. * * * The lien was not affected by the adjustment, but leaped from the extinguished cause of action to the amount agreed upon in settlement.”
This, of course, sustains the plaintiff’s right to sue the defendant liability insurance carriers, but it also requires that such action be commenced within the period of the Statute of Limitations. Since the third-party claim was settled no later than August 24, 1964, the plaintiff’s cause of action necessarily had to be commenced on or before the 23d day of August, 1967. It is admitted by all parties that the action against the Employers Mutual Liability Insurance Company of Wisconsin was not commenced until August 30, 1967, and upon the defendant Transamerica Insurance Company on October 10, 1967, and was, therefore, commenced beyond the period of the Statute of Limitations.
The issuance of redated checks by the defendant insurance companies in the fall of 1966 did not toll the Statute of Limitations. It was merely a bookkeeping process to change the names of the payees because of the death of the claimant’s attorney. It did not affect the lien which had already attached to the funds which were still in the hands of the defendant insurance companies.
Accordingly, the motions for summary judgment by the defendants, dismissing the complaints are granted, and the motion for summary judgment by the plaintiff is denied.