Martin Schenck, J.
The plaintiff and the defendant United Traction Company have each moved for summary judgment against the other. The action was brought under subdivision 1 of section 29 of the Workmen’s Compensation Law. The plaintiff is an insurance carrier that made certain payments under the Workmen’s Compensation Law to the defendant Edward Dunn for injuries arising from an accident in which a United Traction Co. vehicle was involved. In the meantime Dunn sued the United Traction Co. for damages covering the same injuries for which he was receiving compensation from the plaintiff.
The United Traction Company effected a settlement with Dunn in the sum of $1,500 which was substantially in excess of the amount of payments made by the plaintiff to Dunn under workmen’s compensation. The United Traction Co. contends, and there is no evidence to the contrary, that it had no notice of the fact that Dunn was receiving or even had claimed compensation. It can be resolved as a fact, therefore, that the defendant United Traction Co. had no notice of a lien under section 29 when it settled with Dunn. On its face the law does not require that any notice be given. The issue has been raised in a number of cases, none of which are on the appellate level. There are several cases, mostly in the Civil Court of the City of New York, that apparently hold that notice is not necessary under these circumstances and that the carrier’s lien may be *1097 enforced even against a third party which, in good faith, has paid damages following trial or by settlement. (See Commissioners of State Ins. Fund v. Allstate Ins. Co., 41 Misc 2d 189.) On the other hand, there was a decision in the Albany City Court which is directly to the contrary. Ætna Cas. & Sur. Co. v. National Grange Mut. Ins. Co. (44 Misc 2d 540) held that notice must be given to a third party which effected a settlement and paid money in good faith. I am impressed by the reasoning of the court in the latter case and, although none of the authorities cited are binding upon this court, I feel constrained in the interests of justice, as well as to give effect to “ due process ”, to grant the motion on behalf of the United Traction Company.
I might note that there was a Supreme Court case (Albany County) which the plaintiff urges to be a controlling authority. Upon examination of that opinion, however, (Commissioners of State Ins. Fund v. Sims, 187 Misc. 815) I find it is not in point. In that case, as I read it, the lien was sought to be impressed against the employee rather than the third party which paid out money in good faith.
The motion of the plaintiff herein for summary judgment is, therefore, denied. The cross motion of the defendant United Traction Co. for summary judgment dismissing the complaint as against it is granted. The plaintiff, of course, continues to have available its remedy against the defendant Dunn. Were motion to be made by the plaintiff against Dunn, this court would be constrained to grant such motion subject only to possible grounds to the contrary that might be raised by Dunn but which are not at this time apparent.