Per Curiam.

Prejudgment interest is not recoverable on the workmen’s compensation lien provided by section 29 of the Workmen’s Compensation Law, just as prejudgment interest is not recoverable on personal injury claims. Such lien attaches to and becomes part of the third-party claim when a third-party action is instituted. When judgment is entered on the third-party claim, part thereof represents the amount of the lien. CPLR 5003 provides that every money judgment shall bear interest from the date of its entry. The interest accruing on the judgment from date of entry is apportionable in accordance with the respective amounts of the lien due to the compensation carrier and the balance due to claimant. Accordingly, when payment of the judgment with interest is received, that portion of the proceeds representing the amount of the lien and the interest thereon is held for the benefit of the compensation carrier. If - claimant were to be permitted to retain for himself the entire interest and to pay over only the principal amount of the lien, he would be obtaining interest on that portion of the judgment which does not belong to him (Candiano v. Moore-McCormack Lines, 407 F. 2d 385, 387).
The claim herein of the State Insurance Fund for such proportionate postjudgment interest is enforceable against the attorneys for the plaintiff in the third-party action, who with notice of the lien disbursed the proceeds of the recovery (cf. Commissioners of State Ins. Fund v. Stevens, 25 Misc 2d 799; Commissioners of State Ins. Fund v. Parilla, 31 Misc 2d 835).
The contention that an accord and satisfaction was effected as the result of the depositing of the check for the principal amount of the lien, marked in full payment of the lien and all *595 claims, must be viewed as without merit. The mere placing of such a legend on a check is insufficient to constitute an accord and satisfaction unless there is a bona fide dispute or disagreement regarding the merits of the claim. Here the very statement regarding the alleged disputed items indicates on its face its insuhstantiality and lack of merit.
The order, so far as appealed from, should be reversed, with $10 costs, motion of defendants O’Dwyer & Bernstein for summary judgment dismissing the complaint denied, and plaintiffs ’ motion for summary judgment granted.
Concur — Gold, J. P., Markowitz and Quinn, JJ.
Order reversed, etc.