Murray T. Feiden, J.
Motion inaccurately designated by plaintiff as a motion to "renew and reargue” his previous application to vacate the workmen’s compensation lien. Such previous application was denied. The present application is different from the relief sought in the original motion. Now the plaintiff moves to apportion that part of the workmen’s compensation payments attributable to the malpractice settlement and an apportionment of the attorney’s fee for recovery of a portion of the lien. The court will entertain such application.
The plaintiff sustained his injuries on November 4, 1968 when he fell 25 feet at a construction site. The injuries consisted of multiple fractures, including a fracture and dislocation of the right ankle.
He was taken to the Long Island College Hospital, one of the defendants, and there received extensive treatment. It appears that the malpractice complained of concerned only the treatment rendered for the fracture and dislocation of the right ankle. The malpractice action was, nevertheless, settled for $40,000.
The compensation carrier paid plaintiff the sum of $18,183.45 in statutory benefits (including wages) and also paid $7,933.73 for medical treatment, a total of $26,117.18. It contends that since the settlement in the malpractice action exceeds the amount of the lien, it is entitled to full payment of the lien on the strength of section 29 of the Workmen’s Compensation Law. It is there provided that an employee, who has been wrongfully injured by another, not in the same employ, may pursue his remedy against such other, subject to the provisions of the statute.
"In such case the * * * carrier [is] liable for the payment of such compensation, as the case may be, [and] shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded * * * by this chapter * * * and the expenses for medical treatment paid * * * by it and to such extent such recovery shall be deemed for the *440 beneñt of such fund” (Workmen’s Compensation Law, § 29, subd 1; emphasis added).
In seeking to define the rights of the parties here, the court must look to the spirit and the letter of the statute.
Both sides have alluded to the Matter of Parchefsky v Kroll Bros. (267 NY 410) in interpreting the statute and in support of their contentions.
That case, because of its general discussion of the issues involved, lends itself to quotation out of context to support conflicting viewpoints. It is a case which must be read in its entirety in order to fully understand it and draw from it valid conclusions. On that basis, it is clear that compensation benefits for the original injury included aggravation of the original injury by the intervening malpractice. The decision emphasizes that the employee cannot benefit by a double recovery for the same injury in securing of compensation benefits and by way of a separate malpractice suit. The creation of the statutory lien in favor of the carrier was meant to prevent a double recovery. If, however, there was no recovery by an employee in a separate third-party suit, there can, of course, be no recovery of the compensation benefits paid.
Applying these principles in this matter, it appears that the carrier was compelled to pay additional statutory compensation benefits because of the aggravation of only a part of the original injuries sustained by the plaintiff by the malpractice. Therefore, the court holds that the compensation carrier is entitled to a lien against the proceeds of the malpractice action only to the extent of the extra moneys expended by such carrier because of the malpractice. Obviously, the amount must be determined by a hearing. This is in harmony with the ultimate conclusion reached in Matter of Parchefsky v Kroll Bros. (supra).
The plaintiff’s application for an equitable apportionment of the legal fee and reasonable expenditures between the carrier and the plaintiff for the recovery of the lien of the compensation carrier is governed by section 29 as amended by chapter 190 of the Laws of 1975, which amendment became effective June 10, 1975.
This action was settled after the effective date of the amendment, but the carrier strenuously objects to any apportionment of the legal fee because the accident occurred and the benefits were paid before the effective date of the amendment.
*441 The expectation or hope of recovery of the lien does not vest until there is a recovery in the third-party claim after which the lien becomes a liquidated claim between the employee and the compensation carrier to the extent imposed by statute (Utica Mut. Ins. Co. v Employers Mut. Liab. Ins. Co. of Wisconsin, 57 Misc 2d 764).
An examination of the language of the amendment "Should the employee * * * secure a recovery from such other, whether by judgment, settlement or otherwise” (Workmen’s Compensation Law, § 29, subd 1), indicates a procedural modification of the right of recovery of the amount of the lien, to be applied prospectively to third-party settlements from its effective date.
Accordingly, that part of the motion to apportion the attorney’s fee between the plaintiff and the compensation carrier for the recovery of the statutory lien is granted in the amount that the percentage of the total of the authorized attorney’s fee and disbursements of the malpractice action bears to the amount of the settlement (Greenough v Deblinger, 84 Misc 2d 463; Rice v Bankers Trust Co., 83 Misc 2d 797; Wargo v Longo, 85 Misc 2d 898).