■ JOHN A. ARETAKIS, Respondent, v CARMEN TARANTINO et al., Appellants. [751 NYS2d 481] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 18, 2001, which, inter alia, denied defendants' motion to dismiss the complaint for lack of personal jurisdiction or as time barred or, in the alternative, to change venue to Albany County, unanimously affirmed, without costs.

Since defendants did not move to dismiss the complaint until more than 60 days after they served their answer, in which lack of personal jurisdiction was raised as an affirmative defense, the improper service defense was waived (CPLR 3211 [e]; *Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159). Defendants provided no basis for the court to extend the statutory deadline "upon the ground of undue hardship" (CPLR 3211 [e]) or upon application for "good cause shown" (CPLR 2004). In light of the tentative nature of defendants' expert's findings that the signature on the affidavit of service was forged and defendants' failure to raise the forgery argument until reply papers were submitted, the court appropriately declined to overlook the untimeliness of the motion to dismiss on jurisdictional grounds and properly refrained from exercising such inherent power as it had to investigate whether a fraud had been perpetrated.

The motion court properly denied the application for a change of venue since defendants did not make the requisite detailed showing that the testimony of the purported witnesses was material and necessary or that the convenience of such witnesses would be served by a transfer to Albany County pursuant to CPLR 510 (3) (*O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169). Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.