■ TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP, Respondent, v DEHENG LAW OFFICES et al., Appellants. [8 NYS3d 93]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 3, 2013, which, to the extent appealed from, denied the motion of defendant DeHeng Law Offices (DLO) to dismiss the complaint, and the motion of defendant DeHeng Chen, LLC (DC) to dismiss the third, fourth and fifth causes of action, unanimously modified, on the law, to grant DC's motion to the extent of dismissing the fourth and fifth causes of action, and otherwise affirmed, without costs.

The motion court correctly declined to dismiss the breach of contract and account stated claims as against DLO. An attorney who obtains services on his or her client's behalf in connection with litigation can be held personally liable unless the attorney expressly disclaims such responsibility (see *Rosenberg Selsman Rosenzweig & Co. v Slutsker*, 278 AD2d 145, 145 [1st Dept 2000]; *Urban Ct. Reporting v Davis*, 158 AD2d 401, 402 [1st Dept 1990]). Here, the retainer agreement executed by plaintiff and DLO is ambiguous as to whether plaintiff contracted with DLO or the ultimate clients, and issues of fact exist as to whether DLO expressly disclaimed responsibility for the fees and disbursements sought.

The motion court properly denied DLO's motion to dismiss the complaint for failure to join the clients as necessary parties. DLO has not shown that complete relief cannot be accorded between the parties absent joinder or that the clients

might be inequitably affected by a judgment in this action (*see e.g. Country Vil. Towers Corp. v Preston Communications*, 289 AD2d 363, 364 [2d Dept 2001]).

DLO waived its defense of lack of personal jurisdiction based on improper service by failing to move on it within 60 days after having previously raised it in its answer (*see* CPLR 3211 [e]; *Aretakis v Tarantino*, 300 AD2d 160 [1st Dept 2002]).

The motion court correctly declined to dismiss as against DC the third cause of action, for money had and received, inasmuch as the complaint alleges that both defendants received, and have unjustifiably retained, funds sent to them by their foreign clients to pay plaintiff's fees, and the documentary evidence submitted in support of DC's motion does not conclusively establish that the allegations concerning DC's receipt and retention of these funds are untrue. We modify, however, to dismiss the two other quasi contract claims (for quantum meruit and unjust enrichment) as against DC, since the complaint fails to allege any way in which DC (which was not a party to any contract with plaintiff) benefitted, either directly or indirectly, from the services provided by plaintiff pursuant to the retainer agreement.* Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ.

* In its appellate briefs, DLO makes no specific argument as to why the quasi contract claims, as opposed to the entire complaint, should be dismissed as against it.