29 N.J. Super. 591 (1954)
103 A.2d 55
THOMAS PRIVETERA, PLAINTIFF,
v.
HILLCREST HOMES, INC., A NEW JERSEY CORPORATION, SALVATORE BONGIORNO AND WEST NEW YORK STAIR BUILDING COMPANY, A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 15, 1954.
*592 Mr. Ralph H. Jacobson, attorney for plaintiff.
Mr. James J. Skeffington, attorney for defendant.
DAVIDSON, A.J.S.C.
This is an action on petition to impress an attorney's lien upon that portion of the monies received in a third party action as represents the amount of an award by the Workmen's Compensation Board of the State of New York. Briefly, Thomas Privetera, plaintiff in the main action, while in the employ of Modern Cabinet Co., a New York corporation, suffered injury in the course of his employment on June 14, 1950 and was awarded $1,123.40 by the Workmen's Compensation Board of the State of New York, which was paid by the New Amsterdam Casualty Company of New York, employer's insurance carrier; on May 15, 1951, the injured employee filed a suit in this court against Hillcrest Homes, Inc., a New Jersey corporation, and by amended complaint filed January 15, 1952 joined Salvatore Bongiorno and West New York Stair Building Company, a New Jersey corporation, as parties defendant, seeking recovery for the same injury covered by the compensation award, which action was settled on May 6, 1952 for $3,000 and dismissal was entered on May 27, 1952.
As part of the settlement funds a draft was drawn to the order of plaintiff's attorney, petitioner herein, and the New Amsterdam Casualty Company in the sum of $1,123.40 to reimburse said carrier for compensation payments to plaintiff, and petitioner now charges that he has a lien on said amount for attorney's fee and expenses of suit.
*593 Plaintiff bases his claim upon N.J.S.A. 34:15-40(b) and (e), which provide that after the recovery by the employee from the third person of a sum greater than the liability of the employer or his insurance carrier, under this statute, reimbursement shall be made for medical expenses incurred and compensation payments, less employee's expenses of suit not in excess of $200, and attorney's fee not in excess of 33 1/3% of that part of the sum paid in release to the injured employee by the third party.
The New Amsterdam Casualty Company, the insurance carrier, contends that it is entitled to receive the full amount of the draft for $1,123.40, representing medical expenses and compensation payments to the employee (plaintiff in the third-party action), without deduction, in accordance with article 2, section 29, paragraph 1 of the Workmen's Compensation Law of the State of New York, which authorizes the injured employee to take compensation and also pursue his remedy against another, in which case the insurance carrier shall have a lien on the proceeds of any recovery to the extent of the total amount of compensation and expenses for medical treatment paid.
The statutory provisions with respect to expenses of suit and attorney's fees, upon which petitioner relies, expressly relate to payments made by an insurance carrier "under this act," referring, of course, to the New Jersey Workmen's Compensation Act.
Plaintiff proceeded under the provisions of article 2, section 29 of the Workmen's Compensation Law of New York, which authorized him to bring the third-party action, and he is, accordingly, bound by all of the provisions of that law  he cannot take advantage of the portion he likes and disregard those portions of which he disapproves.
My conclusion, therefore, is that the New York statute is controlling in the present case, and the New Amsterdam Casualty Company is entitled to receive the draft of $1,123.40 without deduction. The petition to impress an attorney's lien upon the fund must, necessarily, be dismissed.