GEORGE KUSSACK, Respondent, *v.* RING CONSTRUCTION CORPORATION, Appellant. H. E. BLODGETT, Respondent.

Third Department, June 14, 1956.

*J. Vincent Smith* for appellant.

*Harold E. Blodgett,* in person, and *John J. Snapp* for H. E. Blodgett, respondent.

FOSTER, P. J. This is an appeal from an order of the Supreme Court which directed an insurance carrier to pay an attorney's fee from the proceeds of its lien against a verdict rendered in a third-party action brought by an injured employee.

In December, 1955 the plaintiff obtained a verdict in a third-party negligence action against the Ring Construction Corporation. At the time judgment was entered the New York Mutual Company had a lien of $1,399.99 against the proceeds of the judgment for compensation payments made to the plaintiff on behalf of his employer the Port Chester Electrical Company, Inc. The attorney who represented the plaintiff paid over to the latter the sum $6,100.01 less a prorata share for his legal

fees. He then moved before the Supreme Court at Special Term for an order impressing a lien for his services on the compensation lien of the carrier. The order appealed fixed the value of his services at $466.66 and directed the carrier to pay the same out of its compensation lien of $1,399.99.

This is entirely a statutory matter and we find no warrant in the statute to support the order. Subdivision 1 of section 29 of the Workmen's Compensation Law provides that if an injured employee takes compensation and thereafter brings a third-party action on which there is a recovery, the insurance carrier " shall have a lien on the proceeds of any recovery * * * settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter ".

Respondent's contention that he is entitled to receive his fee in part from that part of the recovery which accrues to the benefit of the insurance carrier is directly in conflict with the language of the statute just quoted. It is true of course that where there is a deficiency the amount of recovery actually collected is the amount remaining after necessary expenses and a reasonable attorney's fee is deducted (Workmen's Compensation Law, § 29, subd. 4; *Matter of Curtin* v. *City of New York*, 287 N. Y. 338). In such a case the carrier must make up the deficiency between amount actually collected as a result of the third-party action and the compensation awarded. But that is not the case here. There was no deficiency here and hence the carrier is entitled to its full lien without any deduction for an attorney's fee. (*Ocean S. S. Co. Savannah* v. *Lumbermans Mut. Cas. Co.*, 125 F. 2d 925.) If there is injustice in permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without paying any part of his fee the remedy is with the Legislature.

Order should be reversed and motion denied, without costs.

Coon, Halpern, Zeller and Gibson, JJ., concur.

Order reversed and motion denied, without costs.