David P. Lee, Jr.. J,
This is an action in which the plaintiff, an attorney, seeks to recover from the defendant, a disability benefits carrier, a proportionate share of his fee for services rendered to a client who was injured in an automobile accident, rather than have his client pay the whole amount of the fee for services from the balance of the settlement sum, the balance left after payment of the lien of the disability benefits carrier. He seeks judgment in the sum of $433.34.
The defendant moves, pursuant to OPLB. 3211 (subd. [a], par. 7), for an order dismissing the complaint on the ground that it fails to state a cause of action.
The complaint alleges, and the facts are not disputed, that plaintiff’s client, injured in a two-car accident, received disability benefits from the defendant, his employer’s disability benefits insurance carrier, at the rate of $50 each week for 26 weeks, a total of $1,300. The negligence action, a third-party action, commenced by the plaintiff on behalf of his client was settled for $8,500. The defendant, pursuant to section 227 of the Workmen’s Compensation Law, had a lien in the amount of the benefits paid, $1,300, on the proceeds of the settlement. After settlement of the negligence action there was sent to the defendant by plaintiff, on behalf of his client, the sum of $1,300 in satisfaction of the lien. The plaintiff then sent a bill to defendant in the sum of $433.34 and defendant has refused to pay it. The plaintiff’s complaint alleges, inter alia-. “ The defendant, at all times hereinafter mentioned, refused and still refuses to pay the plaintiff the fee due him as aforesaid and to that extent, the said defendant has become unjustly enriched in the sum of $433.34. ’ ’
*868 Basically, the question for determination on this motion is whether the successful plaintiff’s attorney in a third-party action may, under the statute, section 227 of the Workmen’s Compensation Law, be allowed a proportionate fee from an employer’s disability benefits carrier on so much of a settlement, or on a judgment, that is impressed with a lien pursuant to section 227 of the Workmen’s Compensation Law. The question is not whether he should, even in a difficult or expensive liability presentation, be allowed a proportionate fee from the insurance carrier, rather than from the client who received the injuries; nor, indeed, whether the applicable statute contravenes the fundamental notions of equality and fairness, nor whether it is at variance with concepts of justice and fair dealing.
Section 227 of the Workmen’s Compensation Law, subdivision 1, states, in part: ‘ ‘ The carrier liable for payment of disability benefits under this article * * * shall have a lien on the proceeds of any recovery from such third party, whether by judgment, settlement or otherwise, after the deduction of reasonable and necessary expenditures, including attorneys ’ fees, incurred in effecting such recovery ’ ’.
The expenses attributable to legal procedures are deductible, that is, the expenses necessarily incurred in reducing the intangibles to proceeds on which the insurance carrier’s lien can attach have priority in payment over the disability benefits lien. There is absent, however, any statutory provision, as provided in some States, authorizing the court to assess a share of the attorney’s fees, the fees of the attorney representing the injured person, to be paid out of the insurance carrier’s share of the proceeds of the settlement or of a judgment. (Smith v. Equitable Life Assur. Soc. of U. S., 19 A D 2d 563, affd. 13 N Y 2d 969; Sarancza v. Roberts & Grancelli, 41 Misc 2d 415, affd. 22 A D 2d 764; cf. Caruso v. Jackson Transp. Corp., 15 A D 2d 59.)
Though the question presented here, the issue involved, is broad and of considerable significance to all injured persons that may have a third-party action, whether it requires other than small expenditures in its preparation and presentation or not, whether he or she is paid disability benefits or is paid workmen’s compensation, this court may not, of course, substitute judicial fiat for legislative enactment. As noted in Kussack v. Ring Constr. Corp. (1 A D 2d 634, 635, affd. 4 N Y 2d 1011), pertaining to a motion to impress a lien for services under subdivision 1 of section 29 of the Workmen’s Compensation Law in which language similar to that of section 227 is *869 found, as to workmen’s compensation payments: “If there is injustice in permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without paying any part of his fee the remedy is with the Legislature.” The defendant’s motion should be granted.