Abraham J. Multer, J.
An order of compromise of a wrongful death action against a third party (other than decedent’s employer or fellow employee) provides for the disbursement of the fund, including payment of a workmen’s compensation lien. The total amount of that lien is fixed at $20,870, after a hearing. Among the issues to be determined is the compensation of the plaintiff’s attorney.
The attorney’s fee is usually based on the net sum recovered after deducting disbursements chargeable to the enforcement of the claim without regard to the claims of others against the recovery by way of assignment or lien (Rules of App. Div., 2d Dept., 22 NYCRR 691.4).
*40 The insurance carrier has a lien against any recovery against a third party for workmen’s compensation payments theretofore made to the decedent “ to the extent of the total amount of compensation awarded * * * and to such extent such recovery shall .be deemed for the benefit of such fund, person, association, corporation or carrier.” • (Workmen’s Compensation Law, § 29, subd. .1; emphasis supplied.)
It is fair and proper to award to the plaintiff’s attorney a fee based on the amount that he succeeds in obtaining from the third party on behalf of the plaintiff. But to carve out of this sum the full amount of the workmen’s compensation lien on behalf of the insurance carrier calls for some consideration.
Simply stated, the amount recovered in this wrongful death action against the third party is based upon the pecuniary injury to the decedent’s next of kin, his wife and two infant children (EPTL 5 — 4.3). In an ordinary negligence action the measure of damages would be substantially the same — reasonably to compensate the plaintiff for his pain and suffering and special damages.
The workmen’s compensation statute requires the plaintiff to reduce her recovery by the full amount of the attorney’s fee, including the part that should equitably be chargeable to the collection of the carrier’s lien. In effect, it creates a windfall to the carrier at the expense of the plaintiff — free collection, at no cost, of a claim that could have been a total loss to the carrier.
The carrier has charged a premium for its insurance which compensates it, in advance, on a satisfactory actuarial basis, for the benefits paid for the decedent and to the plaintiff.
The result of this settlement is to compensate the plaintiff for pecuniary loss and to reimburse the carrier for what it disbursed. To repay the carrier in full for such sums requires the plaintiff to bear the entire cost of attorney’s fees.
The mere statement of this situation offends every sense of fairness. It creates for the carrier a special privilege at the ■expense of the plaintiff, while it serves no social need or public purpose. It actually constitutes unjust enrichment. It is even more offensive when we realize that the carrier is excused from further compensation payments until plaintiff uses up her net receipts of this settlement, also without expense to the carrier.
On this basis and to that extent, the court ¡finds that these provisions of subdivision 1 of section 29 of the Workmen’s 'Compensation Law are unconstitutional and unenforceable because they violate the due process and equal protection guarantee *41 of Federal and State Constitutions (U. S. Const., 14th Amdt.; N. Y. Const., art. I, § 11).
This position is reinforced by consideration of the preferred position of the carrier, which starts an action in subrogation when the injured worker or the decedent’s next of kin does not proceed against the third party. In such case the proceeds of the recovery would be applied, first, to pay the carrier’s attorney; second, the carrier’s lien; third, >a windfall allowance to the carrier of one third of the balance; and the remainder to the injured worker or the decedent’s next of kin. Although this situation is not ¡now before the court, it points up the position of the carrier as compared with the plaintiff (injured worker) in respect to accepting the responsibility of attorney’s fees. No quarrel with that situation is presented in the instant case.
An assessment of attorney’s fees against a carrier’s lien has been denied on the basis of the clear provision of the Workmen’s Compensation Law, with the suggestion that the Legislature should correct the injustice (Kussack v. Ring Constr. Corp., 1 A D 2d 634, affd. 4 N Y 2d 1011,).
In no case that the court has been able to find was the constitutional question raised or determined as posed now.
The question presented in the Kussack case was as between the attorney and the lienor insurance company. The attorney there was not an aggrieved party. He was entitled to and received his fee in accordance with his agreement.
In the instant case the attorney’s fees are being fixed by the court and will be paid in accordance with the percentage formula permitted by the rules of the Appellate Division.
The controversy as now presented is ¡between the lienor and the plaintiff, as decedent’s widow, individually and as administratrix of his estate. As provided in the order signed herewith, the claims Ito the proceeds are adjudicated as between the widow and the infant children on one side and the lienor carrier on the other.
After a hearing on notice to that carrier, this court has approved the settlement of the death action for a total sum of $150,000. The carrier appeared and, while not consenting to the settlement, did not object thereto. ■
It did assert that it had a lien in the amount of $20,870. Plaintiffs assert that to pay that entire sum free of attorney’s fees and to charge the attorney’s fees to the net amount of the $150,-000 after deducting the full amount of the lien is an unconstitutional deprivation of the property of the widow and of the infants, without due process of law.
*42 The fairness and justice of plaintiffs’ position have been sus? tained by court decision and statutes in other ¡States and in the Federal courts.
This court should strive to accomplish the same result.
If plaintiff had not sued and the insurer carrier then exercised its option to do so, it would have been required to sue, without splitting plaintiffs’ cause of action, for all plaintiffs’ pecuniary loss and all at its own expense, subject to reimbursement only out of .a recovery, if any.
When plaintiff sued, she, too, had no right to split her cause of action and sue only for her pecuniary loss. 'She was required to sue for that which necessarily included the carrier’s lien. The carrier could not be charged for any of the disbursements incurred on her behalf if there were no recovery. Those expenses were plaintiff’s obligation to her lawyer, as is the fee she agreed to pay him. Obviously she could not agree to pay nor he to receive an excessive fee. The fee as fixed by the court is that which the court determines is fair and reasonable.
Assume for a moment that the recovery here was only the face of the lien, to wit: $20,870. Under the rules of this court, the plaintiff’s obligation to her attorney was to pay him his disbursements of $312.60 and a percentage of $20,557.40 ($20,870 less $312.60) or $7,445.09.
Can any court ¡say that plaintiff must live up to her obligation and pay that sum to her attorney and then pay the entire $20,870 to the carrier? Any such unfortunate result would create an insurmountable conflict of interest, apart from its unfairness.
No provision of any statute can constitutionally bring about such a result.
No statute can constitutionally impose such a burden on any plaintiff and certainly not upon a widow and infant children.
To the extent that the statute can be read to pass that expense and burden on to plaintiff, it is and must be declared unconstitutional.
The argument is often made that there was no common-law cause of action for death; it is statutory and therefore subject to statute and the Workmen’s Compensation Law is such a statute. The difficulty with that argument is that in New York State what began as a statutory right has been written into our State Constitution. It now has all the dignity and force of a constitutional right. That is a right that cannot be taken away, limited, or lessened by any statute, iby whatever name, whether compensation, no-fault or otherwise.
*43 Section 16 of article I of our State Constitution is simple, explicit, and all-inclusive. It reads: 1 ‘ The right of action now existing to recover damages for injuries resulting in death, shall never he abrogated; and the amount recoverable shall not be subject to any statutory limitation.”
To require plaintiff to pay out of the net recovery the fees paid to plaintiffs5 lawyer and to give the carrier a ‘ ‘ free ride ’ ’ at plaintiffs’ expense is not only unconscionable but contrary to the section as quoted. It abrogates her right to a full recovery; it requires her to pay the expense of recovery of the carrier’s money; it limits and lessens her rightful recovery. The language of the 'Constitution could not more precisely prohibit the statutory requirement to the contrary.