WILLIAM HEDGEBETH, AN INFANT, BY HIS GUARDIAN
AD LITEM, BERTHA E. MEEK and BERTHA E. MEEK,
INDIVIDUALLY, PLAINTIFFS, v. LEONARD E. MED-
FORD, SR., DEFENDANT.

Superior Court of New Jersey
Law Division

Decided July 31, 1974.

(1)

*Mr. Edward J. Brady* for plaintiffs.

No appearance for defendant.

*Mr. Robert E. Popkin,* Deputy Attorney General, for Division of Medical Assistance and Health Services; (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

GRUCCIO, J. S. C. Plaintiff William Hedgebeth an infant by his guardian *ad litem* Bertha E. Meet, received a judgment in this court in the amount of $7500 against defendant Leonard E. Medford, Sr. for injuries received when plaintiff was struck by an automobile.

This being an Unsatisfied Claim and Judgment Fund case, application was made to the Fund for payment of the judgment. At that time Mr. Lodge of the Unsatisfied Claim and Judgment Fund Board advised the Bureau of Medical Care Surveillance of the Division of Medical Assistance and Health Services of a recovery about to be paid to the minor and his guardian *ad litem.*

The State of New Jersey filed a notice of motion via the Attorney General seeking establishment of its right of subrogation for money advanced to the State of New Jersey Medicaid Program on behalf of the minor for medical expenses arising out of the accident in question. The State of New Jersey seeks to establish its right of subrogation (a) in the sum of $481.40 and (b) to said amount of money free and clear of any expenses whatsoever, including any attorneys' fees.

There is no question whatsoever that pursuant to *N. J. S. A.* 30:4D–7(j) that the State of New Jersey is entitled to subrogation. The pertinent part of that statute provides

that the Commissioner is authorized and empowered to be subrogated to the rights of a recipient against a third party causing injury to that recipient resulting in Medicaid payments.

Of more concern is the question raised by the Attorney General in his memorandum brief that no attorneys' fees or costs may be deducted from the state's portion of recovery in this matter. It is his contention that the attorney for plaintiff is not performing any service for the State of New Jersey and that only the Attorney General can render legal representation to a state agency. The Attorney General cites the case of *Keenan v. Essex Cty. Bd. of Chosen Freeholders,* 101 *N. J. Super.* 495, 505–506 (Law Div. 1968), aff'd 106 *N. J. Super.* 312 (App. Div. 1969). I find that this case is neither applicable nor persuasive of the position taken by the State of New Jersey herein.

The right of plaintiff's attorney to collect a fee in subrogation matters and the cases relating thereto are collected in an annotation at 2 *A. L. R.* 3d 1441 (1965).

*Breslin v. Liberty Mut. Ins. Co.,* 125 *N. J. Super.* 320, 327 (Law Div. 1973), clearly decided, with regard to an insurance carrier, that "one who has derived a benefit from services rendered by attorney, whether he retained attorney or not, ought in good conscience and as a matter of fundamental fairness bear at least pro rata share of the costs of those services to extent of benefit derived." See also, *Klacik v. Kovacs,* 111 *N. J. Super.* 307 (App. Div. 1970).

The Attorney General has not been able to call to our attention any cases in this State or in any other state which involve the novel question presented to us, *i. e.,* whether the theory of *Breslin* and *Klacik, supra* should be extended to include the State of New Jersey.

In *Klacik* the court says,

To establish an artificial rule which would provide an insurer with the right to sit back and permit its insured to proceed with an action, expecting to share in the avails of that proceeding without the burden of any of the expense, occurs to us to be anomalous.

The theory behind the general rule as found in the above-cited authorities and also as found in 44 *Am. Jur.* 2d, *Insurance Law,* § 1846 at 773, and *Appleman, Insurance Law and Practice,* § 4096 at 286, is that general equitable principles required this result especially since the parties seeking the subrogated funds *did not participate in an action against the third party which brought about a recovery.* (Emphasis supplied).

While the Attorney General argues that his position as sole legal adviser for all state agencies requires that no other attorney can act in such a capacity and that any fee to be paid him cannot be paid by the state agency on whose behalf he has allegedly acted, we must, however, conclude that the State is likewise foreclosed from enriching itself to the extent of recovery without payment of its pro rata share.

There is nothing called to my attention by the State which would force me to overlook the result obtained in *Klacik and Breslin, supra.*

This court finds no compelling reason why the state agency stands in a different posture than a private carrier when the question of benefit and burden and the "general principles of equity" are considered. Absent any authority to be found in our State or in any of our sister states on the subject of state programs and their relationship to this general rule, it is clear to me that a rule ought to be followed as espoused by our own Appellate Division.

I decide that the State of New Jersey has a right of subrogation subject to its pro rata share of expenses to wit the attorneys' fees on the amount recovered.