CHRISTALA KOUTRAKOS, Individually and as Administratrix of the Estate of JAMES KOUTRAKOS, Deceased, Respondent, v LONG ISLAND COLLEGE HOSPITAL et al., Defendants; GREAT AMERICAN INSURANCE COMPANY, Appellant.

Second Department, May 5, 1975

*Linden & Gallagher (Leonard J. Linden* of counsel), for appellant.

*Ira J. Raab* for respondent.

SHAPIRO, J. The lienor-appellant, Great American Insurance

Company, appeals from so much of an order as set its lien at less than the amount of the workmen's compensation benefits award paid by it to the plaintiff. We hold this to be error and accordingly modify the order by granting the appellant a lien for the full amount of the benefits paid by it.

### THE FACTS

The plaintiff is the administratrix of the estate of her late husband, James Koutrakos. On October 21, 1968 the deceased sustained an accidental injury arising out of, and in the course of, his employment. His employer carried workmen's compensation insurance with Great American. The plaintiff, as the decedent's widow, claimed and was awarded death benefits under the Workmen's Compensation Law for herself and her two surviving children. Thereafter, beginning as of October 21, 1968, Great American made death benefit payments to the widow and children at a biweekly rate of $140.

In November of 1969 the plaintiff, individually and as administratrix of the estate of her husband, commenced this wrongful death action to recover damages arising out of the failure of the two defendant hospitals to properly treat and diagnose the condition of the decedent which resulted from the accident.

On January 21, 1974 a hearing, in connection with a proposed settlement of this action, was held before the Justice presiding at Trial Term, Part I, of Supreme Court in Kings County. The transcript of the hearing shows that the plaintiffs and the defendants had theretofore arrived at a settlement in the sum of $150,000, conditioned upon Great American consenting to the settlement.* Counsel for Great American insisted that it would not waive any of its rights under the Workmen's Compensation Law either in respect to the company's compensation lien or its right to claim credit for any

---

* The hearing was held pursuant to the provisions of subdivision 5 of section 29 of the Workmen's Compensation Law (as amd by L 1966, ch 840), which provides for court approval of a compromise settlement of a third-party action if the compensation insurance carrier refuses to give its consent to the settlement. Prior to the 1937 amendment (L 1937, ch 684) a plaintiff could not settle a third-party lawsuit without the consent of the compensation carrier. If he did so, he lost his right to further compensation. The purpose of the amendment was to give the court the power to approve a settlement of a third-party action, over the objection of the carrier, without the plaintiff losing his right to deficiency compensation (Annual Reports of NY Judicial Conference, 1958 through 1962; *Matter of Nachison v Phoenix of Hartford Ins. Co.*, 30 AD2d 499).

amount recovered in this action against any further liability it might incur in the future over and above its present lien. The widow and her brother were then questioned by the court. *Both indicated that they understood that the lien of Great American was to be paid in full from the proceeds of the settlement.* The court also made it clear that the plaintiff's attorney's fee and the expenses of the action would be deducted from the gross amount of the settlement.

At the conclusion of the hearing the court approved the settlement and directed that the plaintiff submit a proposed order of compromise in accordance with the understanding of the parties and serve it, with notice of settlement, on Great American. On February 14, 1974 the plaintiff's attorney, on notice, submitted a proposed compromise order which provided for the carrying out of the agreement reached at the hearing. The proposed compromise order incorporated various provisions for the disbursement of the settlement of $150,000 and, as agreed, provided that Great American be paid its full lien of $20,870 (conceded to be the total compensation paid by it). This proposed order was rejected by the Trial Justice and on April 4, 1974 the plaintiff's attorney submitted a second proposed compromise order. The plaintiff's petition, submitted with the second proposed order, was identical to that submitted with the first proposed order. Both petitions asked that Great American receive full payment of its compensation lien. However, in an affidavit in support of the second proposed compromise order, the plaintiff's attorney contended that Great American should not be paid its full lien. He asserted that the lien should be subject to a proportionate share of his attorney's fee for prosecuting this action, as computed in relation to the total over-all recovery. The plaintiff's attorney computed his total fee to be $39,821.35, of which he reasoned the plaintiff should pay $34,216.30 out of her share and that Great American should pay $5,605.05 out of its lien. Under this computation Great American would receive $15,264.95 instead of the full amount of its lien of $20,870. On May 3, 1974 the Trial Justice signed the compromise order under review, which approved the settlement, but for some unfathomable reason set Great American's lien at $13,424.91.

### THE APPLICABLE STATUTE

The statute here involved is subdivision 1 of section 29 of the Workmen's Compensation Law. In essence, and so far as

here material, it provides that where an injured employee entitled to compensation or, in case of death, his dependents, accepts compensation under the Workmen's Compensation Law and thereafter (within certain time requirements) brings a third-party action, the insurance carrier "shall have a lien on the proceeds of any recovery * * * [in the third-party action] after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, *to the extent of the total amount of compensation awarded"* (emphasis supplied).

The Trial Justice reduced Great American's lien from "the total amount of compensation awarded" and paid by it on the theory that subdivision 1 of section 29 of the Workmen's Compensation Law was violative of the Constitutions of both the State of New York and the United States to the extent that it required that the compensation carrier's lien must be satisfied in full without the carrier proportionately sharing the cost of the plaintiff's attorney's fees in effectuating the recovery in the third-party action *(Matter of Koutrakos v Long Is. Coll. Hosp.,* 78 Misc 2d 39).

### THE LAW

In 1913 the State of New York amended its Constitution by adopting the language of section 18 of article I (then numbered section 19 of article I), which gave the Legislature plenary power to enact workmen's compensation laws. Specifically, section 18 provided in part: *"Nothing contained in this Constitution* shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or employers and employees or otherwise, either directly or through a State or other system of insurance or otherwise, of compensation for injuries to employees or for death of employees resulting from such injuries without regard to fault as a cause". In the same year a Workmen's Compensation Law was passed (L 1913, ch 816) and that law was re-enacted in the following year (L 1914, ch 41). As originally passed an injured employee covered under the law, or as in this case his surviving dependents, had to elect whether to take compensation, and by that act assign the claim against third parties for the benefit of the State Insurance Fund or insurance carrier, whichever was liable, for payment of such compensation or, alternatively, to pursue his

third-party remedy, thereby limiting himself to compensation only for any deficiency between his recovery against the third party and the workmen's compensation award he would have received had he not so elected.

In *Matter of Jensen v Southern Pacific Co.* (215 NY 514 [1915]) and *New York Cent. R. R. Co. v White* (243 US 188 [1917]) this provision of that Workmen's Compensation Law was held *not* to be violative of the Fourteenth Amendment to the Constitution of the United States. Similarly, in *Shanahan v Monarch Eng. Co.* (219 NY 469, 475) the Court of Appeals said: "The constitutional amendment added in 1913 [section 19 of article I, since renumbered as section 18 of article I] overrides all else in the State Constitution. 'Nothing contained in this Constitution shall be construed to *limit the power of the legislature to enact'* (employees' compensation laws) is the comprehensive language used and this excludes the limitations of section 18 of article I [presently renumbered section 16 of article I] relative to damages for injuries causing death".

In 1937 subdivision 1 of section 29, the provision here applicable, was materially amended and took its present form (L 1937, ch 684). As amended, a qualifying injured employee, or in the case of death his dependents, was no longer required to elect whether to take compensation or pursue his third-party remedies, but might do both within the time limits specified. If a third-party action ensued, the compensation payer—here Great American—was given a lien on the proceeds of the recovery *after* the deduction of reasonable and necessary expenditures, including the plaintiff's attorney's fees, incurred in effecting such recovery, *"to the extent of the total amount of compensation awarded"* (emphasis supplied).

A comparison of subdivision 1 of section 29 of the Workmen's Compensation Law as originally enacted, with its present counterpart, reflects the inescapable conclusion that the changes thus made in the law have been for the benefit of an injured employee, or of his dependents in the case of his demise. Thus the constitutional attack leveled against the present section 29 by the trial court is certainly less valid than it was when such an attack was rejected in *Jensen, Shanahan* and the *New York Cent. R. R. Co.* cases *(supra)*. Indeed it is now well settled that the explicit language of section 18 of article I of our State Constitution ("nothing contained in this constitution shall be construed to limit the power of the legislature," etc.) puts to rest all attacks on the

Workmen's Compensation Law predicated on that Constitution (*Matter of Schmidt v Wolf Contr. Co.,* 269 App Div 201, 207, affd. 295 NY 748; *Barrencotto v Cocker Saw Co.,* 266 NY 139, 143; *Matter of Volpe v Fireman's Fund Ins. Co.,* 54 Misc 2d 212). Similarly, there is no reason to believe any Federal constitutional attack would fare any better today than it did in *New York Cent. R. R. Co. v White* (243 US 188, *supra),* especially when the constitutional attack is brought by a covered dependent who benefits far more under the present Workmen's Compensation Law than when it was held constitutional in 1917. In point of fact, the Supreme Court's decision in *New York Cent.* has been consistently cited with approval in subsequent decisions of that court (see *Crowell v Bensen,* 285 US 22, 42; *West Coast Hotel Co. v Parrish,* 300 US 379, 393; *Calbeck v Travelers Ins. Co.,* 370 US 114, 117).

In addition to the claimed constitutional violations, the Trial Term characterized the result flowing from a strict application of subdivision 1 of section 29 as unfair and "unconscionable" (78 Misc 2d 39, 43). That may or may not be an accurate characterization, but the Legislature has been put on notice of a possible inequity in this portion of the law and has seen fit to do nothing about it (*Kussack v Ring Constr. Corp.,* 1 AD2d 634, affd 4 NY2d 1011). In that case the Third Department noted (p 635): "If there is injustice in permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without paying any part of his fee the remedy is with the Legislature." More recently the Law Revision Commission recommended that section 29 of the Workmen's Compensation Law be changed to provide for an equitable apportionment of attorney's fees in third-party actions "between the employee or his dependents and the lienor" (see Recommendation of the Law Rev. Comm. to Legislature, McKinney's Sess. Laws of NY, 1974, vol. 2., p 1906). Rectification for what may be an unjust law is its repeal or modification by the Legislature and not an emasculatory interpretation by the courts.

### CONCLUSION

There is no merit to the trial court's conclusion that subdivision 1 of section 29 is violative of either the State or Federal Constitutions. Accordingly, the sum of $7,445.09, which is being held by the plaintiff's attorney in escrow pending outcome of this appeal, should be turned over to Great American,

which sum, when added to the $13,424.91 previously released to it, will reimburse it in full for its lien of $20,870. As so modified, the order appealed from should be affirmed insofar as appealed from, without costs.

MARTUSCELLO, Acting P. J., LATHAM, COHALAN and CHRIST, JJ., concur.

Order modified, on the law, without costs, by striking the figure $13,424.91 from the third decretal paragraph thereof and substituting therefor the figure $20,870. As so modified, order affirmed insofar as appealed from, without costs.