Charles H. Cohen, J.
This application is made pursuant to Workmen’s Compensation Law (§227, subd 1, as amd by L 1975, ch 190, § 2, eff June 10, 1975), upon plaintiff Helen Greenough securing a recovery by settlement in this action to recover damages for personal injuries. The application seeks, in the words of the amendment, "an order apportioning the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting such recovery”. The amendment further declares that "Such expenditures shall be equitably apportioned by the court between the employee and the lienor”.
In August, 1975, this action was settled for $9,250 with respect to plaintiff Helen Greenough and for $2,500 with respect to plaintiff Bruce Greenough, with appropriate checks being issued on September 8, 1975. The Workmen’s Compensation Board has asserted a lien in the amount of $1,950 on the *464 proceeds of the recovery in favor of plaintiff Helen Greenough by reason of disability benefits paid to her in 1971 and 1972. This lien was asserted in a notice to her attorneys dated February 19, 1975.
Plaintiffs contend that their attorneys’ fees in the amount of $4,266.83 plus necessary disbursements in the amount of $273.35 totaling $4,540.18 should be equitably apportioned between the employee and lienor in accordance with this statute as amended. The Workmen’s Compensation Board contends (1) that the amendment cannot be applied retroactively to its lien; and (2) that even if the amendment applies, the requested apportionment, seeking to charge against the lien attorneys’ fees and disbursements amounting to 39% of the lien, is neither reasonable nor equitable, and should be limited to a 25% charge or no more than $500.
1. Retroactivity of the Amendment. It is the general rule that unless there is a clear expression of intent to the contrary, statutes are to be construed as prospective only in operation and are not to be given retroactive effect. (Matter of Mulligan v Murphy, 14 NY2d 223, 226.) In this case, the amendment, which was to "take effect immediately,” begins by stating, "Should the employee secure a recovery from such third party” and then goes on to provide for the apportionment. It indicates an intent to make the amendment applicable to "a recovery” made after its enactment.
Moreover, where the statute is remedial in nature, designed to correct what was deemed to be an imperfection in the prior law, there is an exception to the general rule. (Busch v Austin Co., 37 AD2d 648.) The Workmen’s Compensation Law in particular has been regarded as remedial in nature and not subject to the general rule against retroactivity. (Matter of Mlodozeniec v Worthington Corp., 9 AD2d 21, affd 8 NY2d 918, app dsmd cert den 364 US 628; Busch v Austin Co., supra.) Thus, amendments to the Workmen’s Compensation Law dealing with rights respecting recoveries in third-party actions which have had the effect of augmenting or accelerating compensation benefits have been given retroactive effect. (Metzger v Metzger Press, 276 App Div 936, affd 301 NY 781; Matter of McCarthy v Heinz Co., 2 AD2d 908, mot for lv to app den 2 NY2d 708; Calhoun v West End Brewing Co., 269 App Div 398.) The amendment involved here also has the effect of augmenting compensation benefits by placing a charge for attorneys’ fees on the lien arising out of the *465 payment of benefits, resulting in an increased over-all recovery by the employee.
The problem presented here is not a new one. In the past, attempts to apportion attorneys’ fees with respect to liens granted by subdivision 1 of section 29 of the Workmen’s Compensation Law (which is similar to subdivision 1 of section 227 but relates to compensation and medical benefits) have been unsuccessful. See, for example, Kussack v Ring Constr. Corp. (1 AD2d 634, affd 4 NY2d 1011) and, very recently, Koutrakos v Long Is. Coll. Hosp. (47 AD2d 500). Kussack declared (p 635) "If there is injustice in permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without paying any part of his fee, the remedy is with the Legislature.” Koutrakos, after noting this quotation and the recommendation of the Law Revision Commission that the law be changed to provide for an equitable apportionment of attorneys’ fees, added (p 506), "Rectification for what may be an unjust law is its repeal or modification by the Legislature and not an emasculatory interpretation by the court.”
Now, the Legislature has acted. Its action in amending subdivision 1 of section 29 and subdivision 1 of section 227 of the Workmen’s Compensation Law is clearly remedial in nature and should be given a retroactive application. As just stated by the Court of Appeals in Matter of People (Lefkowitz) v Parker (38 NY2d 743) in which it was held that the amendment to section 7-103 of the General Obligations Law requiring the payment of interest on certain rent security deposits, applied to tenancies and renewals which commenced prior to its effective date, "To place a different construction on this statute would obviously defeat the remedial purposes intended by the Legislature.” To place a different construction on this amendment would surely defeat the remedial purposes intended by the Legislature in curing an imperfection, if not an inequity, in the law.
The lien in question was created by statute and the Legislature, certainly prior to an employee securing "a recovery” upon which a lien may attach, was not precluded from affecting such a lien. (Matter of Schmidt v Wolf Contr. Co., 269 App Div 201, affd 295 NY 748; Busch v Austin Co., 37 AD2d 648, supra.) With respect to employee compensation laws, the powers of the Legislature are particularly broad. (See Constitution of the State of New York, art I, § 18; see, also, Shana *466 han v Monarch Eng. Co., 219 NY 469, 475; Koutrakos v Long Is. Coll. Hosp., supra, p 505.)
Accordingly, the court, agreeing with the result in Rice v Bankers Trust Co. (NYLJ, Sept. 9, 1975, p 10, col 5), holds that the amendment in question is applicable to this case and directs that the attorneys’ fees and disbursements be equitably apportioned.
2. Apportionment of Reasonable and Necessary Expenditures. The Workmen’s Compensation Board does not seem to question the service performed by plaintiffs’ attorneys or the amount of the disbursements. However, it asserts that it is not bound by the retainer agreement between plaintiffs and their attorneys and that as far as it is concerned, a determination must now be made by the court of a reasonable and equitable apportionment. It contends that the charge against the lien should be limited to 25% of the amount of the lien, or no more than $500.
Actually, the amendment declares that the "reasonable and necessary expenditures, including attorneys’ fees * * * shall be equitably apportioned.” Accordingly, it must first be determined what the reasonable and necessary expenditures are. In this case, they consist of attorneys’ fees and disbursements. No question is raised concerning the disbursements. A question is raised concerning the reasonableness of the amount of the attorneys’ fees, although no question is raised concerning the actual services rendered. While the determination of the reasonableness of attorneys’ fees ordinarily involves consideration of such factors as the professional reputation of the lawyer for ability and integrity, the difficulty and importance of the case, the amount of work and labor performed, the amount involved, the result achieved and the pecuniary ability of the client (Randall v Packard, 142 NY 47, 56), this is not the case with respect to contingent attorneys’ fees in personal injury actions. In such situations, attorneys’ fees have traditionally been determined by applying a designated percentage against the amount recovered. The attorneys’ fees claimed here are, in accordance with the contingent fee retainer agreement submitted to the court, within the limits prescribed by the applicable rule of the Appellate Division, Second Department (22 NYCRR 691.20), with respect to contingent attorneys’ fees in personal injury and wrongful death actions. By virtue of this rule, they are "deemed to be fair and reasonable.” Under these circumstances, there is a presump *467 tion that such fees are reasonable. (Gair v Peck, 6 NY2d 97, 114.) Nothing has been presented here which would overcome that presumption. Accordingly, the court finds that $4,266.83 is a reasonable attorneys’ fee in this case and was necessarily incurred, along with disbursements of $273.35, for a total reasonable and necessary expenditure of $4,540.18.
In apportioning such expenditure, it is equitable that the lien be charged with a pro rata share of the expenditure. (Rice v Bankers Trust, supra.) There is no reason why the lienor should be charged with a lesser amount. Since the expenditure amounts to approximately 39% of the total sum recovered, the lien, amounting to $1,950, is charged with 39% of the expenditure, or $760.50, which sum shall be paid to plaintiffs’ attorneys as part of their total fee and disbursements, with the balance of $1,189.50 to be paid to the Workmen’s Compensation Board in full satisfaction of its lien. It is so ordered.