Bernard Nadel, J.
Plaintiff moves to fix and determine the amount of the lien of the State Insurance Fund and to apportion the attorney’s fees and expenses between the plaintiff and the lien holder due on the recovery in this action.
The accident occurred on January 1, 1973. The State Insurance Fund paid to plaintiff workmen’s compensation benefits in the amount of $2,096. The defendant has a limited policy in the sum of $10,000. The action was settled for the sum of $9,600 on December 16, 1975.
. Chapter 190 of the Laws of 1975, effective June 10, 1975, provides that with respect to a third-party action by an employee entitled to workmen’s compensation or to disability benefits: "Should the employee or his dependents secure a recovery from such other, whether by judgment, settlement or otherwise, such employee or dependents may apply on notice to such lienor to the court in which the third party action was instituted, or to a court of competent jurisdiction if no action was instituted, for an order apportioning the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting such recovery. Such expenditures shall be equitably apportioned by the court between the employee or his dependents and the lienor”.
Thus at last, by legislation, as suggested by the court in Kussah v Ring Constr. Corp. (1 AD2d 634), the injustice of *493 permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without paying any part of his fee, was remedied.
The lien holder contends that the above does not apply to actions commenced prior to the effective date of the law. The court finds no merit to said contention. The fund created for the plaintiff and the lien holder was on the date of settlement, December 16,1975, which is subsequent to the effective date.
The attorney is requesting that the fee be apportioned on the total amount of the settlement, in accordance with the sliding scale of the Appellate Division. The court finds that such apportionment is fair and equitable. The lien is in the sum of $2,096. The total fee and disbursement of $155.50 on the amount of the settlement is $3,765.50. The amount to be charged to the lienor is $822.05 and is to be paid to the plaintiff’s attorney and plaintiff be given credit therefor. The balance of $1,273.75 is to be paid to the lienor.