Harold J. Hughes, J.
This is a motion by the plaintiff, pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law, for an order apportioning the reasonable and necessary expenditures incurred by the plaintiff in an action in which he obtained a verdict of $4,250 against a third party other than his employer.
Chapter 190 of the Laws of 1975 amended section 29 of the Workmen’s Compensation Law to provide for the equitable apportionment of the reasonable and necessary expenditures, including attorneys’ fees, between the employee and any carrier which has a lien on the proceeds of the recovery by the employee for the amount of compensation it has paid to the employee and the medical expenses it has paid for his benefit.
The State Insurance Fund, which has a lien in the present case in the amount of $1,490.56, argues that the apportionment should not be required when the employer has been impleaded in the employee’s action against the third-party defendant. It is sufficient to note that the statute contains no such limitation.
The State Insurance Fund further argues that chapter 190 should apply only to actions for injuries sustained on or after the June 10, 1975 effective date of chapter 190. The injuries were incurred in the present case on September 13, 1973, while the verdict awarding the plaintiff a recovery against the third party was rendered on January 14, 1976.
It appears that the trial courts have differed as to whether chapter 190 should apply to cases where the accident occurred prior to the effective date, but where the verdict against the third-party defendant was rendered subsequent to the effective date (allowing apportionment: Greenough v Deblinger, 84 Misc 2d 463 and Rice v Bankers Trust Co., 83 Misc 2d 797; disallowing apportionment: Becker v Huss Co., Sup Ct, Erie County, Feb 5, 1976 [O’Donnell, J.] and Doyle v Horowitz Bros., City Ct of City of Long Beach, Jan 21, 1976 [Mackston, J.]). Chapter 190 contains no language that is helpful in attempting to ascertain the intent of the Legislature on the issue, and the legislative bill jacket for chapter 190 also contains no information on this question.
It is clear, however, that chapter 190 was intended to remedy what was considered to be a substantial injustice to employees who recovered against third parties since, pursuant to subdivision 1 of section 29, a carrier could recover its full *900 lien out of the proceeds of the employee’s recovery without having to share the litigation expenses leading to that recovery (see, e.g., Koutrakos v Long Is. Coll. Hosp., 47 AD2d 500, 506). The court finds that chapter 190 is a remedial statute and that it is applicable to all cases decided subsequent to its effective date, regardless of the date when the accident occurred (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; Short v Thygiesen, 82 Misc 2d 786).
It appears that the reasonable and necessary expenditures in the present case amount to $1,662.12, consisting of attorneys’ fees in the amount of $1,416.67 (one third of the recovery) plus disbursements of $245.45. While the determination of the reasonableness of attorneys’ fees ordinarily requires consideration of such factors as the professional reputation of the lawyer for ability and integrity, the difficulty and importance of the work and labor performed, the sum involved, the result achieved and the pecuniary status of the client (see, e.g., Randall v Packard, 142 NY 47), this is not the case with respect to personal injury actions where attorneys’ fees have traditionally been determined by applying a designated percentage against the amount recovered. A one-third fee is a percentage which, in a case such as the present one, has traditionally been deemed fair and reasonable.
In apportioning the expenditure, it is equitable that the employee and the compensation insurance carrier share the expenditures in proportion to their respective recoveries. The State Insurance Fund’s share of the expenditures then would be a fraction, the numerator of which is the amount of its lien and the denominator of which is the amount of the recovery from the third party ($1,490.56 divided by $4,250, or 35%). The portion of the total expenditures of $1,662.12 to be paid by the State Insurance Fund then shall be $582.94 and the portion to be paid by the plaintiff shall be $1,079.18.
Plaintiffs motion is granted to the extent indicated herein, without costs.