MICHAEL J. BRESLIN, JR. AND BRESLIN & BRESLIN, ESQS., PLAINTIFFS-APPELLANTS, v. LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued January 27, 1976—Decided March 18, 1976.

436

Mr. *Paul A. Dykstra* argued the cause for plaintiffs-appellants, (*Messrs. Breslin & Breslin,* attorneys).

Ms. *Joan B. Sherman* argued the cause for defendant-respondent.

PER CURIAM. The judgment of the Appellate Division is affirmed esentially for the reasons set forth in the well-reasoned opinion of Judge Lynch.

The plaintiffs relied substantially on *Koutrakos v. Long Island College Hospital,* 78 *N. Y. Misc.* 2d 39, 355 *N. Y. S.* 2d 718 (Sup. Ct. 1974) which held, *inter alia,* that the provision of the New York Workmen's Compensation Law which provided that in a third party action brought by the injured employee reimbursement was to be made to the workmen's compensation carrier at no expense (including attorney's fees) to it, violated the due process and equal protection guarantees of the Federal and New York Constitutions. It should be noted that the Appellate Division reversed that part of the decision. 47 *A. D.* 2d 500, 368 *N. Y. S.* 2d 528 (1975).

In *Klacik v. Kovacs,* 111 *N. J. Super.* 307, 311–312 (App. Div. 1970), certif. den. 57 *N. J.* 237, (1970), Judge Matthews wrote: "In the absence of statute, rule of court or contract, the mere accrual of benefits to a third party does not entitle an attorney to recover any compensation from those benefited." He pointed out that there was a diversity of opinion among the states on whether reimbursement of an insurer should be made after deduction of reasonable attorney's fees incurred in effecting the recovery. He added that "[p]ublic policy here, however, is in equipoise", but concluded the more equitable rule is to provide for such deduction. This is a far cry

from holding that the contrary view is so offensive to our public policy that the foreign law should not apply.

Affirmed.

PASHMAN, J. (dissenting). In January 1971, Noreen Geelan, a New Jersey resident employed in New York, was injured in an automobile accident in New Jersey. Because of her injuries, said employee received temporary disability benefits from her employer's insurance carrier. Ms. Geelan then retained the services of counsel (plaintiffs herein) and commenced action against a third party for injuries received in the accident. From this action she received an amount in excess of the disability benefits, and attorneys' fees and costs. The insurance carrier, relying on New York law, asserted subrogation rights to this recovery for the full amount of the benefits paid without any deduction for costs or attorneys' fees. Counsel for the employee sought an adjudication of these rights.

The trial court held that New York law governs the existence *vel non* of the carrier's right of subrogation, but ruled that the insurer's lien is subject, under New Jersey law, to payment of a pro rata share of the attorneys' fees and costs incurred by the employee in recovering from the third party. 125 *N. J. Super.* 320 (Law Div. 1973). The Appellate Division reversed on the issue of attorneys' fees, and noted that "New York law precludes such deductions for attorneys' fees and costs from the liens of disability insurers." In conjunction with this observation, the court held:

. . . New York's interests are such that choice-of-law principles dictate recognition of all aspects of the insurers' liens — the nature, extent of recovery and the condition thereof, and, more particularly, their recovery without deduction for attorneys' fees and costs in this context. [134 *N. J. Super.* 357, 367 (App. Div. 1975)].

Since plaintiffs have abandoned their contention below that no subrogation rights are cognizable, the sole issue now before this Court is whether attorneys' fees are deductible from

a disability insurer's lien against the recovery received by an insured employee in a third-party action.

I would reverse the Appellate Division with respect to this issue and reinstate the judgment of the trial court substantially for the reasons set forth in the opinion of that court and to which I append the following additional comments.

In holding that New York law controls as to the deductibility of attorneys' fees, the Appellate Division relied primarily on three cases, *Wilson v. Faull*, 27 *N. J.* 105 (1958), *Privetera v. Hillcrest Homes, Inc.*, 29 *N. J. Super.* 591 (Law Div. 1954) and *Liberty Mutual Ins. Co. v. Borsari Tank Corp.*, 248 *F.* 2d 277 (2 Cir. 1957). I find all of these cases to be distinguishable from the instant case on the ground that they arose from fact situations in which the injured employee consciously invoked the compensation law of a foreign state despite the existence of comparable benefits under New Jersey law. This distinction is most clearly recognized in *Privetera*, where the injured worker chose to receive disability benefits pursuant to provisions of the Workmen's Compensation Law of New York and then, simultaneously, sought to recover a pro rata share of costs and attorneys' fees from the insurer under *N. J. S. A.* 34:15-40(b),(e). This latter provision applies only to payments made by an insurance carrier "under this act," referring to the New Jersey Workmen's Compensation Act. In that context, the court in *Privetera* held that because plaintiff chose to proceed under the New York law,

... he [was], accordingly, bound by all of the provisions of that law — he cannot take advantage of the portion he likes and disregard those portions of which he disapproves. [29 *N. J. Super.* at 593].

In the instant case, however, the disabled employee had no such election available to her and her attorney (plaintiff herein) did not expressly rely on the New Jersey Workmen's Compensation Law, *N. J. S. A.* 34:15-40(b), (e), as did the

plaintiff in *Privetera*. Moreover, while it may well be true, as was stated in *Privetera, Liberty Mutual* and *Wilson,* that fundamental compensation policy dictates that the law of the state under which benefits are paid should govern cases relating to the payment of such benefits, nothing in those cases precludes the possibility of applying the law of the forum state where its public policy so requires.

I submit that it is offensive to the public policy of New Jersey that a liability insurer should receive the full benefit of an attorney's work without incurring any portion of its costs. It is well settled that New Jersey favors contribution by the insurer to the costs of a suit, including a pro rata share of attorneys' fees, where the insurer has benefited from the third-party recovery. *Klacik v. Kovacs,* 111 *N. J. Super.* 307 (App. Div. 1970), certif. den. 57 *N. J.* 237 (1970); *Hedgebeth v. Medford,* 130 *N. J. Super.* 1 (Law Div. 1974) rev'd 139 *N. J. Super.* 41 (App. Div. 1976); *cf. Caputo v. Best Foods,* 17 *N. J.* 259, 267 (1955); *see also* the lower court opinions in this case, 134 *N. J. Super.* at 362 and 125 *N. J. Super.* at 327.

The Appellate Division, in *Klacik v. Kovacs,* made the following lucid and clearly valid observations about the rationale underlying this policy:

> Clearly, had [the carrier] decided to institute its own action, or intervene in the action instituted by plaintiffs against [the third party tortfeasor], it would have been required to incur expenses including an attorneys' fee for such action. To establish an artificial rule which would provide an insurer with the right to sit back and permit its insured to proceed with an action, expecting to share in the avails of that proceeding without the burden of any of the expense, occurs to us to be anomalous. [111 *N. J. Super.* at 312].

I hasten to add that, not only would a rule precluding contribution by the insurance carrier be generally unfair and inequitable, but it would create windfalls to the insurance carrier without serving any concomitant public purpose or satisfying any pressing social need.

In its opinion, the Appellate Division in the instant case sought to dispel these policy considerations by noting that

> . . . the New Jersey policy of compensating attorneys has not been violated here. The attorneys in the instant case are not, by our decision, denied compensation for services rendered. Our decision concerns only the degree to which the cost of such services should be shared between the carriers and the employee-plaintiffs. [134 *N. J. Super.* at 366].

While this observation may be true, it underscores the Appellate Division's failure to recognize that the party most adversely affected by the application of the New York rule is the injured employee who must bear the full burden of paying the costs of the third-party action. By precluding contribution from the insurance carrier, the majority's decision will result in a substantial reduction in the employee's recovery despite the fact that it is *the employee* who is most in need of this compensation. Because I am unpersuaded that the employee or her attorney should bear the financial burden of the windfall accruing to the carrier, I would conclude that the New York rule relied upon by defendant produces such an unfair and inequitable result as to contravene New Jersey public policy and should be disregarded herein. *Cf. Wilson v. Faull, supra; Buzzone v. Hartford Accident & Indemnity Co.,* 23 *N. J.* 447, 458 (1957) ; *Masci v. Young,* 109 *N. J. L.* 453, 454 (E. & A. 1932), aff'd, 289 *U. S.* 253, 53 *S. Ct.* 599, 77 *L. Ed.* 1158 (1933) ; *Zotta v. Otis Elevator Co.,* 64 *N. J. Super.* 344, 349 (App. Div. 1960).

Finally, I note that application of New Jersey law on policy grounds is particularly justified in this case since the New York courts themselves have recognized the potential for injustice in permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without also requiring the insurer to pay part of the attorney's fee. While choosing not to impose a judicial remedy, New York courts have alerted the New York Legislature to possible inequities in this portion of the law, suggesting that appropri-

ate measures be taken. *Koutrakos v. Long Island College Hospital*, 47 *A.D.* 2d 500, 368 *N. Y. S.* 2d 528, 533 (Sup. Ct. App. Div. 1975), rev'g 78 *N. Y. Misc.* 2d 39, 355 *N. Y. S.* 2d 718 (Sup. Ct. 1974); *Cianciosi v. Merchants Mut. Ins. Co.*, 61 *N. Y. Misc.* 2d 867, 307 *N. Y. S.* 2d 136, 138 (Sup. Ct. 1970); *Kussack v. Ring Const. Corp.*, 1 *A. D.* 2d 634, 153 *N. Y. S.* 2d 646, 648 (Sup. Ct. App. Div. 1956), aff'd, 4 *N. Y.* 2d 1011, 177 *N. Y. S.* 3d 522, 152 *N. E.* 2d 540 (Ct. App. 1958).

In this regard, the majority's reference to *Koutrakos v. Long Island College Hospital, supra,* needs some clarification. Although it is true that the Appellate Division there did reverse the lower court's decision to allow a deduction for a pro rata share of the attorneys' fees, it did so on the ground that the controlling New York statute precludes the deduction and that the unfairness which might result from said statute neither rises to constitutional dimensions nor sustains a challenge on due process grounds. In reaching its conclusion, however, the Appellate Division never expressly questioned the reasoning of the trial court which follows:

The Workmen's Compensation Statute requires the plaintiff to reduce her recovery by the full amount of the attorney's fee, including the part that should equitably be chargeable to the collection of the carrier's lien. In effect, it creates a windfall to the carrier at the expense of the plaintiff — free collection, at no cost, of a claim that could have been a total loss to the carrier.

The carrier has charged a premium for its insurance which compensates it, in advance, on a satisfactory actuarial basis, for the benefits paid for the decedent and to the plaintiff.

The result of this settlement is to compensate the plaintiff for pecuniary loss and to reimburse the carrier for what it disbursed. To repay the carrier in full for such sums requires the plaintiff to bear the entire cost of attorney's fees.

The mere statement of this situation offends every sense of fairness. It creates for the carrier a special privilege at the expense of the plaintiff, while it serves no social need or public purpose. It actually constitutes unjust enrichment. [*Koutrakos v. Long Island College Hospital, supra,* 355 *N. Y. S.* 2d at 719].

Instead, the appellate court simply stated that if such inequity does exist, it is a matter which must be remedied by legislative action.

Where principles of fairness and equity call for allowance of a deduction from the insurer's lien for a portion of the costs and attorneys' fees incurred in a third-party action, New Jersey should not be bound by a contrary rule as a result of failure of the New York Legislature to remedy the inequity in New York law. New Jersey public policy cannot permit such a result.

For these reasons, as well as for those set forth in the opinion of the trial judge, I must respectfully dissent.

Justice SULLIVAN joins in this opinion.

*For affirmance* — Chief Justice HUGHES, Justices MOUNTAIN, CLIFFORD and SCHREIBER and Judge CONFORD—5.

*For reversal* — Justices SULLIVAN and PASHMAN—2.