Herbert Shapiro, J.
The motion is granted. The workmen’s compensation lien is reduced from $466.75 to $262.12.
The argument made in opposition to the motion is that subdivision 1 of section 29 of the Workmen’s Compensation Law, allowing apportionment of reasonable and necessary expenditures, including attorney’s fees, is applicable only to cases where the cause of action accrued after the effective date of the statute, i.e., June 10, 1975.
On the other hand, the moving party contends that the statute is applicable to cases that were disposed of by judgment, settlement or otherwise subsequent to the effective date of the statute.
The pertinent portions of the statute provide: "Should the employee * * * secure a recovery * * * whether by judgment, settlement or otherwise, such employee * * * may apply on notice to such lienor to the court in which the third party action was instituted * * * for an order apportioning the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery. Such expenditures shall be equitably apportioned by the court between the employees * * * and the lienor.”
Several nisi prius courts have expressed divergent views as to whether the statutory change applied to recoveries made with respect to claims arising prior to the effective date of the statute. (Sysler v Helms Express, NYLJ, Feb. 19, 1976, p 7, col 2; Greenough v Deblinger, 84 Misc 2d 463; Rice v Bankers Trust Co., 83 Misc 2d 797 [cases holding in the affirmative]; Cannone v Eighteen East Thirtieth Corp., NYLJ, March 2, 1976, p 7, col 1; Doyle v Horowitz Bros., City Court, Nassau County, Index No. 303/75 [cases holding in the negative].) I am in accord with those decisions which hold that all recoveries made after such date are within the contemplation of the statute.
A reading of the statutory language makes it apparent to me that the date of the recovery is the critical date rather than the date on which the claim arose. The crucial language *782 of the newly added provision is the penultimate sentence which uses the word "recovery” in such a manner as to leave little doubt, if any, that the remedy of apportionment arises only after "recovery”. Such language, coupled with the fact that the statutory change was to "take effect immediately” causes me to conclude that a recovery made subsequent to June 10, 1975 is subject to "apportionment”.
It is also urged by the defendant, that the reasonableness of the fee to be paid to plaintiff’s attorney must, in any event, be established upon an evidentiary hearing. I disagree. As I read the statute it intends that the expenditures and fees to be apportioned are necessary and reasonable in effecting the entire recovery — in this case the settlement reached in behalf of the plaintiff. If such expenditures and fees are reasonable with respect to the plaintiff, they are, ipso facto, reasonable as to the workmen’s compensation carrier as well. The fee herein is conceded to be reasonable as to the plaintiff and I find them reasonable as well 'with respect to the carrier.
In addition to following the substantive conclusion of the court in Sysler v Helms Express (supra), I also conclude that. the mathematical formula therein set forth as to the method of apportionment is a reasonable one. Adopting such formula the proportion of the fee applicable to the recovery of the lienor is 17.95%. Applying such percentage to the entire fee of the attorney ($1,140) results in a fee of $204.63 chargeable to the lienor’s recovery, leaving a balance to the lienor of $262.12.
No apportionment is being made with respect to the alleged expenses since they are not specified and are recited merely to be "approximately $200.”