■ VITO CAMPORESE et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants-Appellants and Third-Party Plaintiffs-Appellants-Respondents. BENTLEY PAINTING Co., INC., Third-Party Defendant-Appellant.—Resettled judgment, Supreme Court, New York County, entered September 6, 1978, modified, on the law and on the facts, (a) to dismiss the third-party complaint against Bentley Painting Co., Inc., and (b) to remand for a new trial on the issue of damages unless plaintiff, within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the trial court a written stipulation consenting to reduce the verdict in his favor to $325,000, and to the entry of an amended judgment in accordance therewith. Except, as so modified, the resettled judgment appealed from is affirmed, without costs or disbursements. If plaintiff so stipulates, the resettled judgment, as so amended and reduced, and, as modified by (a) above, is affirmed, without costs or disbursements. Appeals from original judgment entered May 4, 1978, dismissed, without costs or disbursements, the original judgment having been superseded by the resettled judgment. Defendants' liability was established. Contrary to defendants' assertions, the charge on contributory negligence was appropriate. A proper foundation was laid and limited instructions given with respect to the introduction of photographs of a ladder. The other claims of trial error are without merit. The damages awarded, however, are excessive to the extent indicated. In addition, the motion at the close of the evidence by Bentley, plaintiff's employer, to dismiss the third-party complaint should have been granted. The accident occurred in New Jersey and by agreement of the parties, the law of that State was applied to the substantive issues. Unlike New York, the decisional law of New Jersey adheres to the majority rule in the United States which prohibits the bringing of a third-party action against the employer of an injured plaintiff for common-law indemnity or contribution, where the injury is covered by workers' compensation insurance. (*Farren v New Jersey Turnpike Auth.,* 31 NJ Super 356; *Schweizer v Elox Div. of Colt Inds.,* 70 NJ 280.) Since the sole and exclusive remedy of an injured employee against his employer is under workers' compensation, the employer is not jointly liable to the employee in tort. Therefore, he cannot be regarded as a joint tort-feasor with any other tort-feasor seeking common-law indemnity or contribution. (2A, Larson, Workmen's Compensation Law, § 76.21, pp 14-295 to 14-298.) No relationship giving rise to liability other than that of joint tort liability was shown to exist between the employer, and the owner and general contractor. Nor was it shown that a separate duty, such as would arise from an express contract of indemnity, was owed to defendants by the employer. This prohibition is

substantive and not a mere remedial matter as the third-party plaintiffs contend. Concur—Sullivan, Lane, Markewich and Lupiano, JJ.

Kupferman, J. P., dissents in part, as follows: I agree with the majority's analysis with respect to the third-party complaint. (See McLaughlin, New York Trial Practice, Dole v. Dow (Continued), NYLJ, March 9, 1979, p 1 col 1; p 2, cols 1-2.) However, there is a slight modification which I believe to be appropriate. The jury apportioned the liability 60% to the defendants and 40% to the employer, the third-party defendant. The effect of the majority determination is to allow the employer to be released, with recovery for the employee solely under the Workers' Compensation Law. However, the benefits derived by the plaintiff in this tort action are subject to a lien based on such workers' compensation received. *(Koutrakos v Long Is. Coll. Hosp.,* 47 AD2d 500, affd 39 NY2d 1026.) The law of New Jersey is to the same effect. *(Schweizer v Elox Div. of Colt Inds.,* 70 NJ 280.) This accrues to the advantage of the employer in the case at bar. It is indeed contradictory, to say the least, that one found negligent in a substantial percentage, should actually be in the position of being reimbursed rather than mulcted. However, it must be recognized that the Supreme Court of New Jersey has seemingly accepted this as statutory policy. *(Schweizer v Elox Div. of Colt Inds., supra.)* Nonetheless, the New Jersey court was not confronted with a situation where the employer was actually found negligent. The New Jersey court reasoned that to avoid increasing the costs of workers' compensation insurance, it was better to avoid "the expense of litigating the negligence issue". *(Schweizer, supra,* p 288, n 2.) There are jurisdictions which "withhold subrogation from a negligent employer under the equitable principle that a wrongdoer should not profit from his own wrong." (1975-1976 NJ Supreme Ct Term on Worker's Compensation, 30 Rutgers L Rev 807.) Accordingly, I would allow a third-party claim over in an amount not exceeding 40% of the judgment herein, to the extent that there would be recoupment from the plaintiff for any workers' compensation lien or payment. (Cf. *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551.)