■ In the Matter of KARL NUNES et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY, Appellant. [707 NYS2d 492] —In a proceeding to vacate a lien obtained pursuant to Workers' Compensation Law § 29 (1), the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), entered April 15, 1999, which, *inter alia,* granted the petition.

Ordered that the order and judgment is affirmed, with costs.

The petitioner Karl Nunes was injured in an elevator accident in the course of his employment. He brought an action against Tower Elevator, Inc. (hereinafter Tower), the company charged with maintaining the elevator. That action was settled in February 1995. He also received Workers Compensation benefits from the respondent, National Union Fire Insurance Company (hereinafter National Union), his employer's insurance carrier. Although National Union asserted its lien for medical expenses and wages, it failed to commence an action to enforce the lien. In September 1998, Nunes petitioned the

Supreme Court to vacate the lien. The Supreme Court granted the petition, and we affirm.

Under Workers' Compensation Law § 29 (1), an employee may bring an action against a third-party tortfeasor while receiving compensation benefits (*see,* Workers' Compensation Law § 29 [1]). In the event that the employee recovers in the third-party action, the insurer is granted a lien on the proceeds equal to the amount of the compensation it has paid minus the litigation costs incurred in bringing the action (*see,* Workers' Compensation Law § 29 [1]). The statute is silent as to the duration of the lien. The three-year Statute of Limitations set forth in CPLR 214 (2) for the liabilities created by statute is applied to actions under Workers' Compensation Law § 29 (*see, Utica Mut. Ins. Co. v Employers Mut. Liab. Ins. Co.,* 57 Misc 2d 764, 767; *see also, Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169). The Statute of Limitations runs from the time the third-party action is settled (*see, Utica Mut. Ins. Co. v Employers Mut. Liab. Ins. Co., supra*). As the third-party action was settled more than three years before any action by National Union to enforce the lien, vacatur of the lien was appropriate. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.