# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1429**
**CA 11-00730**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF PMA MANAGEMENT CORP.,
PETITIONER-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

ROBERT WHITE AND HINMAN, HOWARD & KATTELL, LLP,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (PAUL T. SHEPPARD OF
COUNSEL), RESPONDENT-APPELLANT PRO SE, AND FOR ROBERT WHITE,
RESPONDENT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (J.P. WRIGHT OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered October 19, 2010.  The order denied
the motion of respondents to dismiss and granted the petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the petition is dismissed.

Memorandum:  Petitioner, a third-party administrator for the New
York Liquidation Bureau (NYLB), commenced this proceeding seeking
payment of a workers' compensation lien (*see* Workers' Compensation Law
§ 29).  The NYLB paid workers' compensation benefits to respondent
Robert White after his original workers' compensation insurer, Legion
Insurance Company (Legion), was placed into liquidation by the
Commonwealth Court of Pennsylvania in 2003.  The NYLB then retained
the Risk Management Planning Group (RMPG), and thereafter petitioner,
to administer the workers' compensation claim, including the task of
collecting from respondents the portion of the post-liquidation lien
to which NYLB is entitled, i.e., a portion of the settlement proceeds
from White's third-party personal injury action.  Indeed, in March
2007, RMPG and the company representing Legion in liquidation each
separately consented to the settlement of White's third-party personal
injury action.  White settled his third-party action on or about May
23, 2007 and reached an agreement with the company representing Legion
in liquidation with respect to the amount of the lien owed to Legion,
which amount has since been paid.  No agreement was reached with
respect to the amount of the lien owed to NYLB, however, and thus this
proceeding ensued.  In response to the petition, respondents moved,

inter alia, to dismiss the petition as time-barred.  Supreme Court denied the motion and granted the relief requested in the petition. We reverse.

It is well settled that the statute of limitations applicable to workers' compensation liens created by Workers' Compensation Law § 29 is three years, and that it begins to run on the date of settlement of the third-party action (*see Matter of Nunes v National Union Fire Ins. Co.*, 272 AD2d 401, 402).  The current proceeding was not commenced until July 22, 2010, however, more than three years after the settlement.  We thus conclude that the court erred in denying respondents' motion to dismiss the petition as time-barred.

In denying respondents' motion, the court concluded that White's payment to Legion on October 1, 2007 to settle the lien owed to Legion constituted a partial payment on a single lien, restarting the statute of limitations.  The record supports respondents' contention, however, that Legion and RMPG treated the amounts due to each of them as separate liens.

The NYLB was not "stand[ing] in the shoes of a private entity" inasmuch as the NYLB had no right to consent to the settlement of the third-party action on behalf of Legion (*Matter of Dinallo v DiNapoli*, 9 NY3d 94, 103).  In fact, the NYLB did not do so inasmuch as the record establishes that, when RMPG consented to the settlement of the third-party action, it directed White's attorney to contact Legion, which was already in liquidation, for information on workers' compensation benefits paid by Legion.  The record further establishes that the company representing Legion in liquidation consented to the settlement of the third-party action separately from RMPG.  Indeed, there is no indication in the record that NYLB took " 'immediate possession and control of the assets and proceeds [of Legion] to a liquidation of its affairs' " (*id.*, quoting *Bohlinger v Zanger*, 306 NY 228, 234, *rearg denied* 306 NY 851), such that it would be reasonable to view the pre-liquidation lien and the post-liquidation lien as a single lien.

Under the circumstances of this case, Legion had one lien and the NYLB had a separate lien.  This proceeding, therefore, was required to be commenced within three years of the settlement of the third-party action (*see Nunes*, 272 AD2d at 402), and it was not.

Entered:  December 30, 2011                        Frances E. Cafarell
                                                   Clerk of the Court